No. 16,794.

ERWIN *v*. THE PEOPLE.
(245 P. [2d] 1171)

Decided June 23, 1952.

Mr. WALTER H. ANDERSON, Mr. W. JARRARD JONES, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant for the people.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, was convicted of burglary and larceny and sentenced to serve a term in the state penitentiary.

The only assignment of error urged by defendant's

counsel relates to the giving of Instruction No. 7 defining an accessory, the sufficiency of which instruction is not challenged.

Counsel for defendant do not urge insufficiency of the evidence to sustain the guilt of the defendant as a principal, although it was entirely circumstantial.

Defendant presented the defense of alibi. The evidence shows that after 12:45 A.M. on May 19, 1951 the Headquarters Bar & Cafe in Rangely, Colorado, was burglarized and the safe and cash register located therein removed. The safe and cash register were found later the same day in a dumpyard where they had been thrown over a hill. The cash register had been broken into and the safe bore evidence of efforts to open it. In the same vicinity a large hammer and a cold chisel were found by the officers. At the scene of the crime, marks on the floor of the cafe indicated the safe had been rolled on its wheels to the door. The evidence also showed that in the process of moving the safe a gallon jug of deodorizer had been broken and the contents spilled on the floor of the premises. When defendant was apprehended, his shoes and the lower part of his trousers were found to have the odor of this deodorizer, as did also the brake and clutch pedals of the pickup truck owned by the defendant, and admittedly driven by him after midnight on May 18, 1951. Tire marks at the scene of the crime and near the dump yard heretofore mentioned, coincided with those made by defendant's truck. When the arresting officer went to defendant's home on the morning of May 19, 1951 defendant admitted he had that morning changed tires on his truck. Marks on the floor of defendant's pickup truck indicated that some heavy object had recently been carried on the truck.

The safe in question was a heavy one. Defendant testified that he weighed 135 pounds; that about 8 or 9 o'clock on the evening of May 18, 1951 he parked his truck in front of the Silver Dollar Cafe and did not move the truck at any time before he went home about 2:40

A.M. on May 19th. At that hour, he stated, he discovered his truck was parked at the Ace High Club, about half a block from the place where he had left it, and that the ignition keys were still in place. He said that he never takes the keys out of his truck. He testified that he then drove the truck home and retired. Next morning he went to town; saw the sheriff; visited the Headquarters Bar & Cafe; saw "some stuff spilled on the floor" and walked through it. He was shown the place where the safe had been. He testified that he had changed the tires on his truck that morning prior to the time the sheriff arrived. Defendant's contention was that because of his slight build he could not have handled the safe and cash register unassisted, and his counsel argue that the instruction on accessory was improper because there was no evidence connecting any other person with the crime.

Section 13, chapter 48, '35 C.S.A., defining an accessory, provides as follows: "An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal and punished accordingly."

Defendant's evidence and the theory of his defense made the instruction on accessory proper. He contended that he could not lift the safe.

It was proper for the jury to determine from all the evidence whether defendant participated in the crime charged, as principal or accessory. The part, if any, that he played in the crime, was a question for the jury. He was charged as a principal. The issue of another's participation in the crime was raised by defendant when he contended that because of his small stature he could not have committed the crime unassisted.

We have many times held that an accessory may be charged and punished as principal. *Mulligan v. People,* 68 Colo. 17, 189 Pac. 5; *Newton v. People,* 96 Colo.

246, 41 P. (2d) 300; *Bacino v. People,* 104 Colo. 229, 90 P. (2d) 5.

It is not necessary to express approval or disapproval of the authorities cited by counsel for defendant, for the reason that they are not applicable to the questions raised in the present case. Our statute reads in part, an accessory "shall be deemed and considered as principal and punished accordingly.

In the instant case counsel for defendant injected the issue of participation of two, or more persons in the crime charged. Defendant claimed that he could not, single-handed, lift the safe, and urged this in addition to his alibi for an acquittal. The evidence linking him with this crime, standing alone, if believed by the jury could well have resulted in his conviction as a principal. When defendant injected the issue of his inability, unassisted, to lift the safe, he invited the giving of the accessory instruction, because the jury might have concluded that while defendant did not actually break and enter the Headquarters Bar & Cafe and remove the safe and cash register, that he was outdoors aiding, abetting and assisting while others broke in and removed these items, and that he made his truck available to the other person or persons involved, for the purpose of removing the stolen property; if so, defendant was, under the law, no less guilty than the actual participants. The jury was entitled to be advised as to the applicable law under the existing facts.

The evidence in the case warranted the giving of the instruction on accessory, and defendant was not prejudiced thereby. We find no error in the record, and the judgment is affirmed.

Mr. Justice Clark not participating.