[Civ. No. 1827.    Fourth Appellate District.—April 29, 1937.]

ELENA CARDENAS ORTEGA, Respondent, v. PACIFIC
GREYHOUND LINES, INC. (a Corporation), et al.,
Appellants.

Chester O. Hansen for Appellants.

Gerald H. Catania and David E. Peckinpah for Respondent.

BARNARD, P. J.—The plaintiff brought this action to recover damages for the death of her minor son. The deceased was riding a bicycle in a southerly direction on U. S. Highway 99 when he was struck by a stage owned by the first-named defendant and driven by the defendant Hansen. The accident occurred after dark on the evening of June 1, 1935. A jury returned a verdict in favor of the plaintiff and this appeal followed the judgment.

█ The appellants concede that the evidence is sufficient to sustain the verdict and the only point raised is that the court erred in permitting a witness to testify as to an experiment or test performed by him.

Section 105 of the California Vehicle Act, as then in effect, required that a bicycle operated on a highway after dark be equipped with a reflex mirror or lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance of 200 feet toward the rear. The bicycle here in question had a flashlight attached to its front fork and a "Goodrich Safety League" emblem attached to its rear fender. This emblem was equipped with two red reflex mirrors. The bicycle was introduced in evidence and a deputy sheriff testified that it was in the same condition as when it was picked up at the scene of the accident.

This witness also testified that on the night before the trial he took a new Goodrich Safety League emblem exactly similar to the one above referred to and attached it to the rear fender of another bicycle; that a boy rode this bicycle along this highway while he followed in an automobile; and that as the bicycle was in motion going down the street he was able to see the reflector lights on the emblem at a distance of more than 200 feet. An objection was made to this evidence on the ground that it did not appear that the test was made under similar circumstances, in that there was "no evidence in the record as to the cleanliness of the buttons on the back of this bicycle or the position of the bicycle at that time". We take it that the latter part of this objection was that there was no evidence that the bicycle used in the test was in the same position as was the bicycle on which the deceased was riding at the time he was struck. All that the statute required was that such a bicycle carry at the rear a reflex mirror or lamp exhibiting a red light plainly visible under normal conditions for a distance of at least 200 feet. The test here was directed to the issue of whether or not the bicycle used by the deceased was so equipped, and not to the position that bicycle was in at the time it was struck.

The conditions surrounding a test or experiment of this nature need not be identical with those existing at the time of the occurrence in question provided there is a substantial similarity. (*County of Sonoma* v. *Stofen*, 125 Cal. 32 [57 Pac. 681].) The admission of such evidence is largely a

matter of discretion with the trial court, and such a test is merely a circumstance to be considered in connection with other evidence in the case. (*People* v. *Levine,* 85 Cal. 39 [22 Pac. 969, 24 Pac. 631].) The bicycle used by the deceased and the reflex mirrors thereon were before the jurors who had an opportunity to observe their condition as to cleanliness. In so far as the particular objection raised is concerned the foundation was sufficient to justify the admission of the evidence and the matter of its weight could have been and probably was argued to the jury. There is nothing before us to indicate that the surrounding circumstances were not substantially similar, and no reversible error appears.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.