## No. 18,210.

RUSSELL KLING *v.* THE CITY AND COUNTY OF DENVER.
(335 P. [2d] 876)

Decided February 24, 1959.

Mr. F. Nelson Pabst, Mr. Walter Bohm, for plaintiff in error.

Mr. John C. Banks, Mr. Ty R. Williams, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

The parties appear here in the same order as in the trial court and will be so designated.

Plaintiff was a passenger in a car driven by Keith E. Dikeman. He brought action against the City and County of Denver for personal injuries sustained in a one-car accident in which the Dikeman car, a 1937 Ford, went out of control, over an embankment and turned over, pinning plaintiff in the wreckage. The accident occurred in the 1600 block of South Federal Boulevard. As the basis of his charge that the negligence of the City was the direct and proximate cause of his injuries, plaintiff

alleged that the City carelessly, wilfully and wantonly allowed South Federal Boulevard to remain in a dangerous and unsafe condition at the place where the accident occurred; that the condition of the street broke the steering mechanism of the car so that Dikeman could not control it, with the resulting accident and injuries to the plaintiff.

Trial was to a jury and verdict was returned in favor of the defendant City. Motion for new trial was filed, and after hearing denied. Plaintiff is here by writ of error seeking to reverse the judgment entered upon the jury verdict.

Plaintiff urges as error that: 1. The verdict was contrary to the evidence, and 2. that the plaintiff was prejudiced by alleged error of the court in admitting, over objection, the testimony of a police sergeant as to experiments conducted over the stretch of roadway at the scene of the accident.

First Question to be Determined:

*Did the court err in refusing to set aside the jury verdict and to grant a new trial on the ground that the verdict was contrary to the evidence?*

This question is answered in the negative.

There was ample evidence in the record to warrant the jury in concluding that the condition of the street at the place of the accident was not in such dangerous condition as to make the street unsafe for vehicles operating thereon. As to the evidence in this regard, plaintiff testified that at the time and place of the accident the Dikeman car was moving in a northerly direction, downgrade, in heavy traffic; that there were a great number of cars moving on Federal Boulevard at the time of the accident, apparently returning from the mountains; that there were a great number of cars both in front and in the rear of the Dikeman car, all traveling at the same rate of speed, approximately thirty miles per hour. None of the cars, either in front of or behind the Dikeman car, experienced difficulty in traversing

any portion of the roadway. Dikeman, the driver, testified that he hit some holes or ruts approximately thirty feet from a bridge located in the block where the accident occurred, and from that point on lost control of his car, crossed the road and turned over the embankment. Other witnesses called by plaintiff established that the roadway was in a "rutted" and "wavy" condition at a point approximately 125 to 150 feet south of the point where Dikeman testified he lost control of his car. At the scene of the accident Dikeman stated to investigating officers that the steering mechanism of his car broke. At the trial plaintiff failed to produce any evidence that the mechanism of the Dikeman car was broken and produced no evidence, either lay or expert, that even if the steering mechanism was broken the cause thereof was the condition of the street. The Dikeman car was approximately sixteen years old at the time of the accident, and there was no evidence as to its mechanical condition prior to the accident.

On all of the evidence as above the jury was justified in concluding that it was insufficient to establish liability on the part of the City, and we are not disposed to disturb that conclusion.

Second Question to be Determined:

*Did the court err to the prejudice of plaintiff in permitting a police sergeant to give testimony describing experiments and trial runs made by him at the scene of the accident three or four days after the accident occurred?*

This question is answered in the negative.

■ The question of whether such experiments are admissible in evidence rests generally in the sound discretion of the trial court. *Ortega v. Pacific Greyhound Lines, Inc.*, 20 Cal. App. 2d 596, 67 P. (2d) 702. Under the circumstances before us we do not believe the trial court abused its discretion.

The City first called to the stand Officer Carroccia, one of the investigating officers. He testified that ap-

proximately an hour or two after the accident he made a test run in a police car through the 1600 block of South Federal Boulevard at speeds above and below the stated speed of Dikeman, twenty-five to forty-five miles an hour. He stated that at the higher speed of forty-five miles an hour he experienced some difficulty in steering his car. There was no objection to this testimony at the trial, and it is not urged here as error.

Admission of Police Sergeant Moomaw's testimony is cited as error here. He conducted his experiment about three or four days after the accident, in another police car. His testimony was virtually the same as that of Officer Carroccia.

■■■ Plaintiff objects that the conditions at the time of the sergeant's experiment did not duplicate the conditions at the time of the accident in that a different car was used and the sergeant driving the car had knowledge beforehand of the condition of the road to be traversed. It is not necessary in order to render evidence of an experiment admissible to establish that the conditions under which it was conducted be identical with those existing at the time of the occurrence. It is sufficient if there is a substantial similarity. Minor variations go to the weight rather than to the admissibility of the evidence. There is no precise test or gauge to determine when the requirements of substantial similarity have been satisfied. Speaking generally, however, the measure of permissible variation of conditions of an experiment from those existing at the time of the occurrence is measured by whether such *variation is liable to confuse or mislead the jury.* See 20 Am. Jur., §§755-759. The experiment being conducted here was not to demonstrate whether plaintiff's accident occurred as described by him and Dikeman, and not whether Dikeman was unable to handle his car, but whether the condition of the street at the time and place of the accident was reasonably safe for general vehicular use. As stated in *Ortega v. Pacific Greyhound Lines, Inc.,* supra, "The admission of

such evidence is largely a matter of discretion with the trial court, and such a test is *merely a circumstance to be considered in connection with other evidence in the case.*" (Emphasis supplied.) The other evidence on the same point was the heavy traffic going at the same rate of speed at the identical time of the accident, and the testimony of Officer Carroccia of a similar experiment.

Other matters urged by the plaintiff are without merit and need not be discussed.

The judgment is affirmed.