## No. 26453

### The People of the State of Colorado v. Danny Rue Sexton

(555 P.2d 1151)

Decided November 1, 1976.                    Rehearing denied November 22, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, James W. Wilson, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Don L. Nelson, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Defendant seeks to reverse his conviction of two counts of vehicular homicide, section 18-3-106, C.R.S. 1973,[1] and two counts of vehicular assault, section 18-3-205, C.R.S. 1973.[2] We find no prejudicial error and therefore affirm.

The People's evidence established that on July 18, 1973, at approximately 6 o'clock p.m., defendant and three companions were driving south on Shields Street between Fort Collins and Loveland, bound for Estes Park. Driving conditions were excellent. It was light, visibility was good, and the weather was warm and clear. After following a slower vehicle for a time, defendant attempted to pass it on a hill. Defendant's vehicle crossed over a freshly painted double-yellow line, indicating a no-passing zone, into the north-bound driving lane, where at the crest of the hill it crashed into a vehicle which was traveling north-bound. The estimated speed of both vehicles prior to the collision was approximately sixty miles per hour. Defendant's vehicle left 109 feet of skid marks in the north-bound lane prior to the collision. As a result, two occupants of the north-bound vehicle were killed and two others were seriously injured.

---

[1] Now section 18-3-106, C.R.S. 1973 (1975 Supp.).
[2] Now section 18-3-205, C.R.S. 1973 (1975 Supp.).

## I.

Defendant contends that the evidence was insufficient to show that he acted recklessly or in a willful and wanton manner. We do not agree.

The gravamen of both vehicular homicide, section 18-3-106, C.R.S. 1973, and vehicular assault, section 18-3-205, C.R.S. 1973, is the "reckless" operation or driving of a motor vehicle, which results in the death of or serious bodily injury to another. Section 18-1-501(8), C.R.S. 1973,[3] defines recklessly as follows:

"A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware or reasonably should be aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a willful and wanton deviation from the standard of conduct that a reasonable person would observe in the situation. * * * 'Willful and wanton' as used in this subsection (8) means conduct purposefully committed which the person knew or reasonably should have known was dangerous to another's person or property, and which he performed without regard to the consequences or the rights and safety of another's person or property."

In assessing the sufficiency of evidence on appeal, we must view the evidence most favorably to the People, *People v. Schlepp*, 184 Colo. 28, 518 P.2d 824, and this court will not substitute its judgment for that of the jury where the evidence conflicts. *People v. Jiminez*, 187 Colo. 97, 528 P.2d 913; *People v. Medina*, 185 Colo. 183, 522 P.2d 1233.

Without recounting the testimony fully, we note the following evidence: defendant's crossing the highway and driving on the left side thereof within the no-passing zone, and attempting to pass a vehicle when approaching the crest of a hill; the speed of defendant's vehicle and the location and length of the skid marks; the tremendous force of the impact and the extent of the damage to the vehicles; the position of the vehicles after the accident; the extent of the victims' injuries; the photographs depicting the accident scene; and the defendant's prior knowledge of and experience driving over the same road.

In our view, from the foregoing evidence the jury could have reasonably concluded that the defendant drove recklessly, in disregard of a known risk, willfully and wantonly deviating from the standard of conduct a reasonable person would observe while driving under the same circumstances. 18-1-501(8). *Cf. Martin v. People*, 178 Colo. 94, 495 P.2d 537. The record reveals ample competent evidence to sustain the verdicts of guilty.

---

[3] Now section 18-1-501(8), C.R.S. 1973 (1975 Supp.).

## II.

Defendant contends that the court erred when it failed to give his tendered instructions Nos. 9, 17, 20, 21, 22, 23 and 24 in the court's charge to the jury.

A. Defendant's tendered instruction No. 9 was based on *Colorado Jury Instructions (Criminal)* 5(110), which was framed on section 18-1-503(4). An examination of the instruction shows that it was not properly drawn and contained references to the elements of "knowingly," "intentionally," and "with specific intent," which were not elements of the offenses with which defendant was charged. Additionally, the instruction was combined with a separate instruction defining the term, "willful and wanton," which had elsewhere been properly defined in instructions as given. There was no error in rejecting the confusing tendered instruction.

B. Tendered instructions Nos. 20, 21, and 24 were inaccurate variations of the statutory definitions of the terms, "recklessly" and "willful and wanton" conduct, which were measured against the definition of "criminal negligence." The court's instructions correctly defined these elements for the jury. Thus, the tendered instructions were properly refused.

Tendered instructions Nos. 17, 22 and 23 sought to inject into the case the civil definition of simple negligence, contrasting that with recklessness and criminal negligence. It was defendant's theory that at most his conduct amounted only to simple negligence. Simple negligence, of course, was not an issue in the case and there was no necessity for an instruction defining it.

The court correctly instructed the jury on the offenses charged, defined recklessness and distinguished it from criminal negligence, and informed the jury that the requisite culpable mental state in either case must be proved beyond a reasonable doubt. Based on these instructions, the jury could have found the defendant not guilty, or guilty of vehicular assault and vehicular homicide, or guilty of the lesser included offense of criminally negligent homicide. The issue of simple negligence was irrelevant.

Considered as a whole, the instructions given by the court fairly and adequately instructed the jury on the law of the case.

## III.

Defendant asserts as error the admission of the People's Exhibit Q, a photograph taken immediately after the accident, at the scene of the collision, after the wrecked vehicles had been removed. The photograph was based on a police officer's investigation of the accident scene and the events leading to the collision, and purported to demonstrate that the defendant at all times could have seen the oncoming north-bound automobile.

Exhibit Q was taken from the point where defendant's vehicle crossed the double-yellow line into the north-bound driving lane. It showed the

skid marks of defendant's car. It also depicted an officer standing at the point where the vehicles collided, and showed an automobile headed north, parked in the position of the victims' car at the point that car commenced to leave skid marks.

Defendant argues that the photograph of this reconstruction was based on speculation and assumption and was disputed by other witnesses to the collision; it should therefore have been excluded.

The test for admission of such reenactments in both criminal and civil cases is whether the conditions were substantially similar to the conditions of the event reenacted. *Jorgenson v. People*, 174 Colo. 144, 482 P.2d 962; *C. McCormick, Evidence* § 202 (2d ed. 1972). Conditions need not be identical; minor variances affect weight rather than admissibility. *Kling v. Denver*, 138 Colo. 567, 335 P.2d 876. Admissibility lies within the sound discretion of the trial court; reversal requires a showing of abuse of discretion. *Publix v. Bank*, 139 Colo. 205, 338 P.2d 702.

Our review of the record persuades us that the court did not abuse its discretion in admitting People's Exhibit Q. Fourteen other photographs showed various views of the scene of the accident before the vehicles were removed. The variances raised by defendant between the actual collision and the reconstruction were minor and the jury was adequately apprised of them during voir dire of the officer. Upon admitting the photograph, the court warned the jury, "It is received based on the testimony that the officer gave with regard to how it was taken and what it was for and where it was taken." Defendant's contention of error in this regard is without merit.

## IV.

Defendant next cites as error the trial court's refusal to admit testimony of his reputation as a safe driver. Defense counsel offered this testimony through three professional truck drivers familiar with defendant's driving habits and record.

Colorado follows the majority rule, limiting proof by the defendant of his good character and reputation to the particular traits involved in the charge. *Lutz v. People*, 133 Colo. 229, 293 P.2d 646; 1 *Wharton's Criminal Evidence* § 229 (13th ed. 1972). Witnesses may testify to a defendant's general reputation in the community for the trait involved, but the witnesses' opinions and specific incidents are generally excluded. 1 *Wharton's Criminal Evidence* § § 230, 233; *C. McCormick, Evidence* § 191.

Defendant's offer of proof failed to meet these criteria. Questioning was not limited to defendant's reputation as a safe driver, but included the witnesses' opinions and personal experiences with defendant.

In any event, we see no harm to defendant from the trial court's ruling. Two of defendant's companions testified to defendant's careful driving on the day in question. Defendant himself testified about his driving

record and experience. As a result, we view the offered testimony as merely cumulative. Its exclusion was within the trial court's discretion. *People v. Manier*, 184 Colo. 44, 518 P.2d 811; *United States v. Squella -Avendano*, 478 F.2d 433 (5th Cir. 1973); 1 *Wharton's Criminal Evidence* § 229.

## V.

Defendant's final allegation of error arises from comments made by the prosecutor in his closing argument, which the latter felt were invited by defendant's closing argument. *See Kurtz v. People*, 177 Colo. 306, 494 P.2d 97; *Hafer v. People*, 177 Colo. 52, 492 P.2d 847. The prosecutor began his rebuttal:

"[Y]ou are not to consider punishment. The Court has instructed you. Yet, defense counsel has asked you to do this. * * * You are not to consider this. * * * This is the Judge's function and if he decides the defendant should go on probation, or driving school, he will do this."

Defense counsel thereupon asked the trial court to censure the prosecutor. The court refused, instead reminding the jury to disregard punishment. Defendant now raises as error the court's failure to censure the prosecutor or to declare a mistrial. Defense counsel did not move for a mistrial.

Assuming, *arguendo*, that the prosecutor's remarks were unjustified, defendant has shown no prejudice. The grant or denial of a mistrial rests in the trial court's sound discretion and will not be disturbed absent "gross abuse of discretion to the prejudice of the defendant * * *." *People v. Alvarez*, 187 Colo. 290, 530 P.2d 506; *People v. Motley*, 179 Colo. 77, 498 P.2d 339.

The trial court instructed the jury during closing arguments and in the formal instructions not to consider punishment. The jury was also instructed twice the counsels' arguments were not evidence. We must presume that the jury understood and heeded these instructions. *People v. Becker*, 187 Colo. 344, 531 P.2d 386; *People v. Motley, supra.* On these facts, we find no prejudice to defendant and therefore no abuse of discretion.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.