**Lloyd Dean STATES, Myrna States, and Niagara Fire Insurance Company, Plaintiffs–Appellants,**

v.

**R.D. WERNER CO., INC., Defendant–Appellee.**

No. 89CA0101.

Colorado Court of Appeals, Div. I.

June 21, 1990.

Rehearing Denied July 19, 1990.

Certiorari Denied Oct. 29, 1990.

The Wills Law Firm, David Pitinga, Colorado Springs, for plaintiffs-appellants Lloyd Dean and Myrna States.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., K.C. Carlson, Colorado Springs, for plaintiff-appellant Niagara Fire Ins. Co.

Blunk, Johnson & Johnson, George E. Johnson, Bradford L. Geiger, Denver, for defendant-appellee.

Opinion by Judge PIERCE.

In this product liability action, plaintiffs, Lloyd Dean States, Myrna States, and Niagara Fire Insurance Co., appeal the trial court's judgment entered on a jury verdict finding in favor of defendant, R.D. Werner Co., Inc. We affirm.

Plaintiff Lloyd States fell from a step ladder at a construction site. He had positioned the front feet of the ladder (those with the rails in which the ladder's steps are mounted) on a sidewalk and had placed the rear feet on the surface of an unfinished parking lot that was six to nine inches below the level of the front feet. This positioning was contrary to instructions for the proper use of the ladder which were affixed to the ladder itself.

He then climbed the ladder and turned on the steps with his back to them and leaned over toward the building to attempt to affix a sign to the building with a power wrench while the sign was being held in place by an overhead crane. He pressed against the sign with one hand and used his other to apply pressure on the power wrench. As he did so, the ladder moved away from him and he fell. Plaintiffs alleged that the cause of the accident was a defect in the aluminum rivets which secure the spreader bars that connect the front legs to the back legs of the ladder.

Plaintiffs brought this action under theories of strict products liability, breach of warranty, and negligence.

## I.

■ The strict liability claim was based on the alleged product defectiveness. Plaintiffs contend that the trial court erred in instructing the jury that defendant could not be held legally responsible for Lloyd's injuries if his misuse of the ladder, rather than a defect, was the cause of his injuries. We disagree.

In *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975), Colorado adopted the doctrine of strict products liability as set forth in *Restatement (Second) of Torts* § 402A (1965). A Restatement § 402A action is premised on the concept of enterprise liability for casting a defective product into the stream of commerce. "[T]he focus is upon the nature of the product, and the consumer's reasonable expectations with regard to that product, rather than on the conduct either of the manufacturer or of the person injured because of the product." *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983). Thus, we have previously held that the concept of comparative negligence, as embodied in § 13–21–111, C.R.S. (1987 Repl.Vol. 6A), is inapplicable in a strict product liability case. *Kinard v. Coats Co.*, 37 Colo.App. 555, 553 P.2d 835 (1976).

■ However, misuse of a product by the injured person is a recognized defense to a Restatement § 402A action. *Restatement (Second) of Torts* § 402A comment h

(1965). The concept of misuse concerns an issue of causation and provides a complete defense to liability, regardless of any defective condition, if an unforeseeable and unintended use of the product, *and not the alleged defect*, caused the plaintiff's injuries. *See Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322 (Colo.1986).

Plaintiffs argue that § 13–21–406(1), C.R.S. (1987 Repl.Vol. 6A) abrogates the holding in *Kinard v. Coats Co., supra,* and that the concept of comparative negligence is to be applied in all product liability actions. They assert that the instruction at issue here erroneously converts the statutory concept of comparative fault to a recovery bar, rather than a damage diminution remedy. We conclude that the instruction concerns an issue of causation and is not erroneous.

Section 13–21–406, C.R.S. (1987 Repl.Vol. 6A) provides, in pertinent part:

**"Comparative fault as measure of damages.**

(1) In any product liability action, the fault of the person suffering the harm, as well as the fault of all others who are parties to the action for causing the harm, shall be compared by the trier of fact in accordance with this section. *The fault of the person suffering the harm shall not bar such person ... from recovering damages,* but the award of damages to such person ... shall be diminished in proportion to the amount of causal fault attributed to the person suffering the harm.

. . . .

(4) The provisions of § 13–21–111 [comparative negligence statute] do not apply to any product liability action." (emphasis added)

■ In construing a statute, a court's task is to ascertain and give effect to the intent of the General Assembly in enacting the statute. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). In discerning legislative intent, the court must look first to the statutory language. *People v. District Court,* 713 P.2d 918 (Colo.1986). If a stat-

ute is ambiguous, the intent of the General Assembly may be determined by considering the object sought to be attained, the circumstances under which the statute was enacted, its legislative history, and its legislative declaration or purpose. Section 2–4–203, C.R.S. (1980 Repl.Vol. 1B).

The legislative declaration for the statute at issue and its legislatively selected statutory heading indicate that the purpose of the statute is to provide for the doctrine of comparative fault in measuring damages in a product liability action. *See* Colo.Sess. Laws 1981, ch. 173, § 13–21–406, at 885. The tape recordings of legislative meetings concerning the legislation enacting § 13–21–406 establish that the General Assembly intended to effect a change in the law in Colorado. Although, "fault" is not defined, the statute was intended to provide for a determination of "comparative fault" within the process of measuring damages. *See generally* Tape Recordings of Senate Business Affairs and Labor Committee (Feb. 10 and 16, 1981).

■ In this context, we interpret § 13–21–406 to mean that once it has been established that the product is defective if both the defective product and the injured person's conduct contributed to the injury underlying plaintiff's claim, then the plaintiff's recovery must be reduced by a percentage representing the amount of fault attributable to his own conduct and, here, the jury was properly so instructed.

■ Depending on the facts of the case, the injured person's misuse of the product could constitute comparative fault which would reduce the plaintiff's recovery. However, if the injured person's misuse of the product is the *sole* cause of damages, and thus, the alleged defect was not a cause thereof, then the plaintiff cannot recover under strict liability theory. *Schultz v. Linden–Alimak, Inc.*, 734 P.2d 146 (Colo.App.1986).

Here, the instruction given to the jury was in conformance with *CJI–Civ.3d* 14:22 (1989) and provided that if Lloyd's misuse of the ladder, *rather than a defect,* caused Lloyd's injuries, defendant could not be held legally responsible for those injuries.

We conclude that the trial court did not err in giving this instruction.

■ Plaintiffs contend that the trial court erred in not instructing the jury that the misuse instruction could not be applied to their negligence claim. However, the doctrine of misuse is a question of causation. *Uptain v. Huntington Lab, Inc., supra.* "Absent causation attributable to [defendant], any defect in design or failure to warn is irrelevant to [plaintiffs'] negligence claim." *Schultz v. Linden–Alimak, Inc., supra.* Thus, we conclude that the trial court was not required to limit the application of the instruction.

## II.

Plaintiffs contend that the trial court erred in rejecting one of their tendered jury instructions. We disagree.

■■ The form of the instructions given at trial is a matter within the discretion of the trial court, and it is not error for the trial court to refuse an instruction, even if correct in legal effect, if the other instructions given adequately inform the jury of the applicable law. *Intermountain Rubber Industries, Inc. v. Valdez,* 688 P.2d 1133 (Colo.App.1984). Furthermore, an instruction which invites jury confusion is erroneous and should not be given. *Billings v. Boercker,* 648 P.2d 172 (Colo.App. 1982).

■ Here, given the confusing nature of the proposed instruction and the fact that the jury was adequately informed of the elements which establish plaintiffs' claims, we conclude that the trial court's refusal to give plaintiffs' proposed instruction was not an abuse of discretion.

## III.

■ Plaintiffs contend that the trial court erred in admitting expert testimony that the ladder at issue complied with applicable federal regulations. We disagree.

Under § 13–21–403(1)(b), C.R.S. (1987 Repl.Vol. 6A), there exists a rebuttable presumption of non-defectiveness and lack of

negligence on the part of the manufacturer or seller, if a product:

> "complied with, at the time of sale by the manufacturer, any applicable code, standard, or regulation adopted or promulgated by the United States or by this state, or by any agency of the United States or of this state."

 Thus, evidence of compliance with applicable federal regulations is admissible to show that the product is not defective. *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984).

## IV.

 Plaintiffs next contend that the trial court should have granted a mistrial because of a defense witness' unsolicited reference to suppressed evidence. We disagree.

 Whether to grant or deny a motion for a mistrial is a matter within the discretion of the trial court, and the court's ruling will not be disturbed absent an abuse of that discretion. *Pyles–Knutzen v. Board of County Commissioners*, 781 P.2d 164 (Colo.App.1989). Under the circumstances of this case, we find no abuse of discretion in the trial court's denial of the motion for a mistrial.

## V.

 Plaintiffs also contend that a videotape of an experiment conducted by defendant was not admissible at trial because the experiment was not conducted under sufficiently similar conditions to that of the accident. We agree.

 "For evidence of an experiment to be admissible, it must aid rather than confuse the jury in its resolution of the issues, and it must tend to directly establish or disprove a material issue in the case." *People v. McCombs*, 629 P.2d 1088 (Colo.App.1981). In order not to confuse or mislead the jury, the conditions under which an experiment is conducted must be substantially similar to those present on the occasion of the incident at issue. *Kling v. City & County of Denver*, 138 Colo. 567, 335 P.2d 876 (1959).

Because no horizontal force was applied on the ladder during the experiment, we conclude that the experiment was not sufficiently similar to test the ladder's capacity when a person is actively moving while using the ladder. Thus, we conclude that the trial court erred in admitting the videotape into evidence.

However, an error is reversible only if it had a substantial effect on the rights of the parties. C.R.C.P. 61; *see Cheney v. Hailey*, 686 P.2d 808 (Colo.App.1984).

 Here, plaintiffs presented expert testimony concerning the effect of horizontal forces on the ladder. Also, plaintiffs were afforded extensive cross-examination of defendant's expert concerning the effect of horizontal forces on the outcome of the experiment. Under the circumstances, we conclude that the erroneous admission of the videotape did not substantially affect the outcome of the trial and, thus, did not constitute reversible error.

Plaintiffs' remaining contention is without merit.

Judgment affirmed.

PLANK and SILVERSTEIN,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).