## No. 79SA494

## The People of the State of Colorado v. Rojorlo Roy Naranjo

(612 P.2d 1106)

Decided May 19, 1980.     Opinion modified and as modified rehearing denied July 14, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Lynne Ford, Assistant Attorney General, Litigation Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Steven H. Denman, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The defendant, Rojorlo Roy Naranjo, appeals his conviction for first-degree kidnapping and first-degree sexual assault. We reverse the defendant's conviction for first-degree kidnapping and affirm his conviction for first-degree sexual assault.

The defendant's conviction arose from the same incidents as in the companion case, *People v. Sammy Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980). The facts are set out in detail there. The morning after the assault, the police found the defendant's billfold near where the car was parked on a remote mountain road, and arrested the defendant and one of his companions at Pinewood Springs, a nearby mountain town. The victim identified Rojorlo Roy Naranjo, the defendant in this case, as the first man to get out of the car and attack the victim's friend.

The trials of the three suspects were severed because of statements made by two of them which implicated the others. A jury found the defendant guilty of first-degree kidnapping and first-degree sexual assault. He was sentenced to life imprisonment for kidnapping and forty-four to fifty years in the penitentiary for sexual assault, the sentences to be served concurrently.

On appeal, the defendant questions the sufficiency of the evidence to support a first-degree kidnapping conviction. He contends that because the commission of the sexual assault was an essential element of first-degree kidnapping under the prosecution's theory of the case, the merger doctrine must be applied to prevent subjection of the defendant to double jeopardy in violation of *U.S. Const.* amend. V and XIV, and *Colo. Const.* Art. II, Sec. 18. The defendant challenges the constitutionality of the first-degree sexual assault statute because it does not include a *mens rea* element. He also seeks consideration of various trial court orders and his sentence for sexual assault.

Our opinions in *People v. Bridges,* 199 Colo. 520, 612. P.2d 1110 (1980), and *People v. Naranjo, supra,* determine the issues here. The evidence in support of the first-degree kidnapping charge was identical to the evidence in *Naranjo,* and therefore, we reverse the defendant's conviction for first-degree kidnapping.[1] As a matter of law the evidence presented in this case is sufficient to support a conviction for second-degree kidnapping. Section 18-3-302, C.R.S. 1973 (current version in 1978 Repl. Vol. 8). Since there was sufficient evidence and the jury was

---

[1] We discussed in *People v. Bridges, supra,* the application of the merger doctrine when the prosecution charges sexual assault and first-degree kidnapping and the submission of the victim through the application of physical force or physical violence is the concession used to establish first-degree kidnapping. In *Bridges,* we declined to apply the merger doctrine; instead, we construed the first-degree kidnapping statute's concession requirement narrowly, excluding from that definition a submission of the victim through the application of physical force or physical violence. We found the evidence in *Bridges* insufficient to support a charge of first-degree kidnapping under section 18-3-301, C.R.S. 1973 (now in 1978 Repl. Vol. 8).

instructed on second-degree kidnapping, we remand the case to the trial court to enter judgment and sentence for second-degree kidnapping. *People v. Naranjo, supra.* The jury instructions on first-degree sexual assault in this case were identical in relevant parts to those given in *People v. Naranjo, supra,* and our determination that the instructions supplied the necessary *mens rea* element controls.

■ The defendant argues that the in-court identification of him by the victim and her friend should have been suppressed by the trial court on three grounds. First, he contends that a photo identification presented to the witnesses a few days before trial was impermissibly suggestive. Although the prosecutors made no comment while showing photographs of the defendant and one of his companions to the witnesses, there were only two photographs and both were mugshots. We assume for the purpose of this opinion that the photographic showing was impermissibly suggestive. Second, the defendant maintains that the showing of an independent source for the identification made by each witness was insufficient. An independent source is tested by applying the following criteria: The opportunity at the time of the crime to view the perpetrator, the degree of attention of the witness, the extent to which the prior description fits the defendant, the level of certainty indicated by the witness at the pre-trial identification, and the length of time between the crime and the trial. *People v. Jones,* 191 Colo. 385, 553 P.2d 770 (1976). Finally, the defendant argues that the pre-trial identification was done without notifying defense counsel as had been agreed earlier between counsel and ordered by the court.

■ The standard for determining when a suggestive pre-trial identification procedure prevents in-court identification of the defendant is if the pre-trial identification "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253. The People have the burden of establishing by clear and convincing evidence that the in-court identification arises from an independent source and is not the direct product of the suggestive pre-trial identification procedure. *Huguley v. People,* 195 Colo. 259, 577 P.2d 746 (1978).

■ Here, the trial court ruled that both witnesses' in-court identifications of the defendant were independent and made specific findings on the factors which determine independence. *Huguley, supra.*

The trial court found that both witnesses had face-to-face encounters with the defendant under conditions with enough light to see him clearly. Although the victim had not identified the defendant from photographs shown to her shortly after the incident, the court found that the failure to identify was ambiguous and that it did not give rise to misidentification of the defendant at trial. The court concluded that the testimony of the

witnesses was based on independent recollection of the incident and not on the photographic identification. All these findings were supported by substantial evidence.

The record does not support the defendant's claim that the photographs shown to the witnesses before trial without prior notification to defense counsel violated a court order. No such order appears in the record or in the transcript of the suppression hearing. The trial court properly permitted the in-court identification of the defendant by both witnesses.

■ The defendant's trial was severed from those of his co-defendants to avoid prejudicial evidence admissible only against the other defendants.[2] The trial court also ruled that reference to the other defendants by last name should be avoided as confusing and prejudicial since the last names of all three were the same. The defendant here argues that the severance was nullified by three references to the other defendants during his trial. The first two references were use of the last name. Both times the defendant objected and the objection was sustained by the trial court.

The third reference was in testimony by a Colorado Bureau of Investigation employee about pubic hair from one of the other defendants which was found on the victim. The trial court denied the defendant's request for a mistrial because the pubic hair evidence was relevant to the crime charged under section 18-3-402(2), C.R.S. 1973 (1978 Repl. Vol. 8). This subsection provides that first-degree sexual assault will be a class 2 felony if "(a) in the commission of the sexual assault the actor is physically aided or abetted by one or more other persons." Testimony that another individual participated in the sexual assault tends to establish that the given defendant was aided and abetted in the commission of his crime. Thus, the only valid objection by the defendant was that the witness used the name "Naranjo" forbidden by the trial court. The reference to the name, only the third in a long trial, was not sufficiently prejudicial to make the denial of a mistrial a gross abuse of discretion. *See People v. Sexton,* 192 Colo. 81, 555 P.2d 1151 (1976).

The defendant further contends that the trial court erred by instructing on complicity and on sexual assault when the defendant was aided or abetted by others[3] because the instructions given together could lead to an inconsistent verdict. We disagree.

■ The two instructions provided accurate guidance to the jury. The defendant was charged with first-degree sexual assault, a class 2 felony if the defendant is assisted by others. Section 18-3-402(2), C.R.S. 1973 (1978 Repl. Vol. 8). The evidence supported the court's instruction

---

[2] The other defendants had confessed to most of the acts which were the basis for the criminal charges.

[3] Section 18-3-402(2)(a), C.R.S. 1973 (now in 1978 Repl. Vol. 8).

on aggravated sexual assualt.[4] Based on the evidence, the jury also might have found that the defendant assisted others in the commission of the crime whether or not he himself committed sexual assault. Under the complicity instruction, the jury could convict the defendant of first-degree sexual assault if it determined that he met the requirements in section 18-1-603, C.R.S. 1973 (now in 1978 Repl. Vol. 8).[5] An instruction on complicity may be given when two or more people engage jointly in a crime. *See McGregor v. People,* 176 Colo. 309, 490 P.2d 287 (1971). The complicity instruction provided an alternative ground for conviciton.

Finally defendant challenges the trial court's comment, when imposing a life sentence for the first-degree kidnapping conviction, that the defendant not be considered eligible for parole "until he has served a minimum of twenty years rather than the usual ten years."[6] The defendant maintains that taking parole eligibility into account is not a judicial function and improperly infringes on executive authority in determining parole. We need not reach this consideration because we have vacated the conviction and sentence for first-degree kidnapping.

We affirm the judgment of the trial court on first-degree sexual assault, and we reverse the judgment of the trial court on first-degree kidnapping. The cause is remanded for further proceedings consistent with this opinion.

JUSTICES LEE and ROVIRA concur in part and dissent in part.

JUSTICE LEE concurring in part and dissenting in part.

I respectfully dissent to that portion of the majority opinion which reverses the judgment of conviction of first-degree kidnapping. My reasons therefor are set forth in *People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980).

JUSTICE ROVIRA concurring in part and dissenting in part:

I concur in part and dissent in part for the reasons set forth in *People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980).

---

[4] The trial court treated the aggravating factor as an essential element of the offense of first-degree sexual assault.

[5] Section 18-1-603, C.R.S. 1973 (now in 1978 Repl. Vol. 8):
"A person is legally accountable as principal for the behavior of another constituting a criminal offense if, with the intent to promote or facilitate the commission of the offense, he aids, abets, or advises the other person in planning or committing the offense."

[6] Section 17-1-207(3), C.R.S. 1973 [current version at section 17-2-207, C.R.S. 1973 (1978 Repl. Vol. 8, 1979 Supp.)], which was in effect at the time the defendant was convicted, provided that one serving a life sentence would not be eligible for parole consideration until he had served ten years.