Sammy **NARANJO, Petitioner-Appellant,**

v.

James G. **RICKETTS, Executive Director of the Colorado State Department of Corrections, Thomas I. Cooper, Superintendent of the Shadow Mountain Correctional Facility at Canon City, Colorado, and J.D. MacFarlane, Attorney General for the State of Colorado, Respondents-Appellees.**

Rojorlo Roy **NARANJO, Petitioner-Appellant,**

v.

James G. **RICKETTS, Executive Director of the Colorado State Department of Corrections, Thomas I. Cooper, Superintendent of the Shadow Mountain Correctional Facility at Canon City, Co., and J.D. MacFarlane, Attorney General for the State of Colorado, Respondents-Appellees.**

Nos. 82–1534, 82–1546.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs Pursuant to Tenth Circuit Rule 9.

Decided Aug. 27, 1982.

Opinion on Rehearing Dec. 17, 1982.

presence of mastitis infection.

Sammy Naranjo and Rojorlo Roy Naranjo, pro se.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., and John Daniel Dailey, Chief, Litigation Unit, State of Colo., Denver, Colo., for respondents-appellees.

Before SETH, Chief Judge, McKAY and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.

The captioned cases are the appeals from separate petitions for habeas corpus brought pursuant to 28 U.S.C. § 2254. Both petitioners raise identical issues; therefore, for purposes of this opinion, they shall be treated together.

Sammy and Rojorlo Roy Naranjo were found guilty of first degree kidnapping and first degree sexual assault. The convictions were appealed to the Colorado Supreme Court. In *People v. Naranjo,* 612 P.2d 1099 (Colo.1980), Sammy Naranjo appealed his convictions on the grounds that 1) there was insufficient evidence to support a first degree kidnapping conviction; 2) the first degree kidnapping statute was unconstitutional; 3) the trial court erred in refusing to instruct the jury on second degree sexual assault; and 4) the sentence received on the sexual assault conviction was an abuse of the trial court's discretion. *Id.* at 1101. In *People v. Naranjo,* 612 P.2d 1106 (Colo. 1980), Rojorlo Roy Naranjo appealed his convictions alleging insufficient evidence to support a conviction of first degree kidnapping and the unconstitutionality of this statute. He also sought review of various trial orders and his sentence for sexual assault.

The Colorado Supreme Court found, in both cases, that the evidence was insufficient to support a verdict of first degree

kidnapping. However, the court concluded that the evidence was sufficient to support a conviction for second degree kidnapping and remanded the cases to the trial court to enter judgment and sentence for both defendants on the lesser included offense. The court affirmed their convictions on first degree sexual assault.

The petitioners brought these actions for habeas corpus relief on the grounds that 1) their convictions for first degree sexual assault are inconsistent with the state supreme court's order directing a verdict of acquittal on the first degree kidnapping charges; and 2) the state supreme court improperly ordered judgment entered as to second degree kidnapping, in violation of the Double Jeopardy Clause.

The district court reviewed these claims on the merits and dismissed the petitions with prejudice. The question here is whether these claims were properly before the district court in the first instance.

█ The issues raised here are attacks on the consequences of the action taken by the state supreme court on appeal of the Naranjos' convictions. There is no showing that these issues were before the state court in post-conviction proceedings.

Therefore, the orders of the district court dismissing the petitions with prejudice are vacated and these cases are remanded for a determination on whether these issues have been properly exhausted.

Both petitioners have made motions for appointment of counsel on appeal. Those motions are hereby denied.

## OPINION ON REHEARING

Petitioners Sammy Naranjo and Rojorlo Roy Naranjo each sought habeas corpus relief under 28 U.S.C. § 2254 (1976). The district court reviewed their companion claims on the merits and dismissed their petitions with prejudice. In an unpublished opinion, we vacated the dismissal without considering the merits because we concluded that petitioners failed to exhaust their claims in state court. The Colorado Attorney General has petitioned for rehearing,

asserting that the state waived the exhaustion issue and asking us to review the appeal on its merits. We decline to do so.

The Naranjos were found guilty of first degree kidnapping and first degree sexual assault. Both convictions were appealed to the Colorado Supreme Court. In *People v. Naranjo,* 612 P.2d 1099 (Colo.1980) (en banc), Sammy Naranjo alleged that: 1) the evidence was insufficient to support a conviction for first degree kidnapping; 2) the first degree kidnapping statute was unconstitutional; 3) the trial court erred in refusing to instruct the jury on second degree sexual assault; and 4) the sentence he received on the sexual assault conviction was an abuse of discretion. *Id.* at 1101. In *People v. Naranjo,* 612 P.2d 1106 (Colo.1980) (en banc), Rojorlo Naranjo raised essentially the same claims as well as the propriety of various trial orders.

In both cases, the Colorado Supreme Court found the evidence insufficient to support a verdict of first degree kidnapping. However, the court concluded that the evidence was sufficient to support a conviction for second degree kidnapping, and ordered the trial court to enter judgment and sentence against both defendants on this lesser included offense. The court affirmed their convictions for first degree sexual assault.

The Naranjos filed petitions for habeas corpus relief on the grounds that: 1) the state supreme court orders reversing their convictions of first degree kidnapping are inconsistent with the court's affirmance of the first degree sexual assault convictions; and 2) the court orders to enter judgment of conviction for second degree kidnapping violate the Double Jeopardy Clause, U.S. Const. amend. V. After the district court dismissal on the merits, the Naranjos appealed to this court.

In our original opinion disposing of these appeals, we pointed out that the issues raised by the Naranjos attack the Colorado Supreme Court's disposition of their direct appeal. The Naranjos made no showing that they presented these issues in state court. We vacated the orders of dismissal

and remanded the cases to the district court for a determination of exhaustion. The Colorado Attorney General petitioned for rehearing, asserting that resolution of the exhaustion question is unnecessary because the state did not allege lack of exhaustion in its answer below; instead, it briefed the merits of the issues. The attorney general's assertion raises the important issue of the relation between comity and exhaustion in habeas corpus proceedings under section 2254 when the state attempts to waive the exhaustion requirement. The circuits are divided in their approach to this problem, and this court has not considered the question. Accordingly, we address the issue in this opinion on rehearing.

Exhaustion of state remedies is a prerequisite to consideration of a claim for relief under section 2254.[1] *Pitchess v. Davis,* 421 U.S. 482, 487, 95 S.Ct. 1748, 1751, 44 L.Ed.2d 317 (1975) (per curiam). However, the exhaustion requirement is not a matter of jurisdiction, but a matter of comity. *See Rose v. Lundy,* 455 U.S. 509, 513, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982); *Sweet v. Cupp,* 640 F.2d 233, 237 n. 5 (9th Cir.1981); *United States ex rel. Lockett v. Illinois Parole & Pardon Board,* 600 F.2d 116, 117 (7th Cir.1979) (per curiam); *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 95 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978); *Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir. 1971); *Smith v. Kansas,* 356 F.2d 654, 656 (10th Cir.1966) *cert. denied,* 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy,* 102 S.Ct. at 1201, 1203; *Smith v. Kansas,* 356 F.2d at 656.

As a matter of comity, exhaustion "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 102 S.Ct. at 1203. Application of the rule of exhaustion promotes state court familiarity with and hospitality toward federal constitutional issues, and provides a complete factual record to aid federal court review. *Id.* at 1203–04. Accordingly, state remedies must be exhausted except in those rare and unusual cases "where exceptional circumstances of peculiar urgency are shown to exist." *Id.* at 1202 (quoting *Ex Parte Hawk,* 321 U.S. 114, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944)).

With these considerations in mind, we turn to the attorney general's assertion that exhaustion is not required when the state does not raise the issue in response to a habeas petition in district court. As noted above, the resolution of this issue has not produced consistent results among the circuits. The courts are in general agreement that a state waiver or concession of exhaustion in district court is not dispositive of the matter. *See, e.g., Batten v. Scurr,* 649 F.2d 564, 568 (8th Cir.1981); *Trantino v. Hatrack,* 563 F.2d at 95 & n. 18. However, when a hearing on the merits occurs in the district court following such a waiver, some courts are more inclined than others to relax the exhaustion requirement. Those courts that decide not to require exhaustion under such circumstances cite considerations of expediency and conservation of judicial resources. *See, e.g., Batten,* 649 F.2d at 568–69; *United States ex rel. Sostre v. Festa,* 513 F.2d 1313, 1314 n. 1 (2d Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975); *Jenkins v. Fitzberger,*

1. Section 2254 provides in pertinent part:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

28 U.S.C. § 2254 (1976).

440 F.2d 1188, 1189 (4th Cir.1971). Other courts require strict adherence to exhaustion despite the district court's resolution on the merits, based on considerations of comity. *See, e.g., Sweet v. Cupp,* 640 F.2d 233, 237 n. 5 (9th Cir.1981); *Gayle v. LeFevre,* 613 F.2d 21, 22 n. 1 (2d Cir.1980); *Trantino v. Hatrack,* 563 F.2d at 96.

Expediency and the efficient use of judicial resources are important considerations. However, we believe they are outweighed by the need to protect and promote the state's role in resolving the constitutional issues raised by habeas petitions. *See Rose v. Lundy,* 192 S.Ct. at 1203. A "rigorously enforced" exhaustion rule will serve this end. *Id.* We agree with the Third Circuit in *Trantino v. Hatrack* "that the state court interest which underlies the exhaustion requirement of § 2254(b) *cannot* be conceded or waived by state prosecutors—for the state court interest in having 'an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights' is simply not an interest that state prosecutors have been empowered to yield." 563 F.2d at 96 (footnote omitted). The petition for rehearing is denied.