The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Corky NUNEZ, Defendant-Appellant.

No. 82CA0925.

Colorado Court of Appeals,
Div. III.

Oct. 27, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

The defendant was tried and convicted by a jury of first degree sexual assault and first degree kidnapping. The defendant appealed his conviction to this court; however, the sufficiency of the evidence was not raised or decided on appeal. *People v. Nunez* (Colo.App. No. 79CA0420, April 17, 1980) (not selected for official publication). On May 19, 1980, the Colorado Supreme Court rendered its opinion in *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980). The defendant now asks this court to vacate his kidnapping conviction pursuant to Crim.P. 35(c)(2)(I). We reverse the judgment of conviction for first degree kidnapping and remand to the trial court for entry of judgment for second degree kidnapping.

At trial, the 19-year-old victim testified that on September 1, 1977, she was waiting for a bus in downtown Denver about midnight when a car containing the defendant and two other men drove up. Two of the men got out and forced her into the car. She was taken to a vacant building, where defendant and his cohorts repeatedly sexually assaulted her.

After the assault, the men locked arms on each side of the victim and discussed whether they should let her go. One of the men said that they should not let her go. The others said that they did not know what to do with her. As they continued walking, the men threatened to kill the victim if she told anyone about their sexual exploits. Before her assailants took any further action, the victim managed to escape, whereupon she called her husband and notified the police.

## I.

The first issue we address is whether sufficiency of the evidence is an issue cognizable under Crim.P. 35(c)(2). Crim.P. 35(c)(2)(I) provides that an application for post-conviction review must allege in good faith, "that the conviction was obtained or sentence imposed in violation of the constitution or laws of the United States or the constitution or laws of this state." In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the U.S. Supreme Court held in a federal habeas corpus proceeding that sufficiency of the evidence is a fundamental constitutional issue. A Crim.P. 35(c) motion to vacate judgment is "substantially equivalent" to a federal habeas corpus action. *People v. Wright*, 662 P.2d 489 (Colo.App.1982). Therefore, for purposes of this Crim.P. 35 proceeding, we hold that sufficiency of the evidence is a constitutional issue, cognizable under Crim.P. 35(c)(2).

## II.

The second issue for our consideration is whether the evidence is sufficient to support the jury's verdict that the defendant is guilty of first degree kidnapping. The first degree kidnapping statute, § 18–3–301, C.R.S. 1973 (1978 Repl. Vol. 8), provides, in pertinent part:

"(1) Any person who does any of the following acts with intent thereby to force the victim or any other person to make any concession or give up anything of value in order to secure a release of the person under the offender's actual or apparent control commits first degree kidnapping:

"(a) Forcibly seizes and carries any person from one place to another."

Defendant argues that the evidence is insufficient to sustain a conviction on the first degree kidnapping charge because, where the victim of a first degree sexual assault is forced to submit without having any choice in the matter, there exists no "concession" or intent to obtain a concession within the meaning of the first degree kidnapping statute. Under our Supreme Court's decision in *People v. Bridges, supra,* we agree.

In *Bridges, supra,* the court held that a defendant cannot be convicted of both first degree sexual assault and first degree kidnapping where the victim was forced to submit to the sexual assault. That is the situation here. We note that the court in *Bridges* suggested in footnote 11 that an exception to this general rule might exist in a case where, though forced to submit, the victim perceived and the defendant warranted that her freedom was dependent upon her submission to the sexual assault. In the instant case, however, we find no evidence in the record of such perceptions on the part of the victim.

Although the first degree kidnapping conviction cannot stand, the evidence presented in this case is sufficient, as a matter of law, to support a conviction for second degree kidnapping. See § 18–3–302, C.R.S. 1973 (1978 Repl. Vol. 8). Since there was sufficient evidence and the jury was instructed on second degree kidnapping, we remand the case to the trial court to enter judgment and sentence for second degree kidnapping. See *People v. Naranjo,* 200 Colo. 11, 612 P.2d 1106 (1980).

The judgment of conviction of first degree kidnapping is reversed, and the cause is remanded for entry of judgment of conviction of second degree kidnapping and imposition of sentence thereon.

KELLY and TURSI, JJ., concur.