**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael R. OSBORNE, Defendant–Appellant.**

**No. 96CA0776.**

Colorado Court of Appeals, Div. I.

April 30, 1998.

Rehearing Denied June 11, 1998.

Certiorari Denied March 22, 1999.*

* Justice HOBBS does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

Defendant, Michael R. Osborne, appeals from the judgments of conviction entered upon jury verdicts finding him guilty of stalking, false reporting, harassment, first degree sexual assault, second degree kidnapping, and conspiracy. We affirm in part, vacate in part, and remand.

According to the prosecution, defendant began harassing and stalking the victim and her daughter after the daughter refused to date him. Defendant also sent sexually explicit and threatening letters to them and to a friend of the victim's family. Certain letters threatened revenge against the victim for keeping defendant and the daughter "apart."

The victim was kidnapped as she left work, driven to a remote location, and sexually assaulted. When the victim reported the assault to the police, she named defendant as the person who had assaulted her.

Defendant, when questioned concerning the incident, initially claimed that he had talked to two men who had planned the assault with him and had committed the assault on the victim. After further investigation, the police determined that the two men could not have committed or been involved in the assault. In the course of their investigation, the police also determined that defendant was ostensibly in boot camp in Oklahoma at the time of the assault.

At trial, the prosecution presented two theories: 1) that defendant surreptitiously left boot camp, traveled to Colorado, and committed the assault himself; or 2) that defendant conspired with and assisted another, unknown person who committed the assault.

The jury determined that defendant was guilty of first degree sexual assault and second degree kidnapping as a complicitor, and also found him guilty of the other offenses noted above.

### I.

◼ Defendant first contends that the trial court erred in instructing the jurors concerning complicity on the charges of first degree sexual assault and second degree kidnapping. He argues that the evidence was insufficient to support giving this instruction and that the instruction on complicity was incorrect as a matter of law. We disagree with both contentions.

Complicity is a theory by which an accused may be held criminally liable for an offense committed by another. A person may be found guilty of an offense as a complicitor if, "with the intent to promote or facilitate the commission of the offense, he or she aids, abets, advises, or encourages the other person in planning or committing the offense." Section 18-1-603, C.R.S.1997; *Bogdanov v. People,* 941 P.2d 247 (Colo.1997).

◼ If the evidence presented establishes that two or more persons were jointly engaged in the commission of a crime, then it is appropriate for the trial court to instruct the jury on complicity. *People v. Calvaresi,* 198 Colo. 321, 600 P.2d 57 (1979).

Here, the evidence established that a person had kidnapped and assaulted the victim. Further, the evidence showed that defendant had sent letters to the victim and her daughter, before and after the assault, containing details of the assault, such as when it would occur and how it would be committed, that were not known publicly. Additionally, defendant made statements indicating that he knew the identity of the person who committed the assault.

In light of this evidence, the jury could properly determine that defendant was involved in the planning and commission of the kidnapping and assault. Accordingly, there was sufficient evidence to support instructing the jury on complicity, and thus, the trial court did not err in so doing.

◼ We also reject defendant's assertion that the complicity instruction given by the trial court was incorrect as a matter of law.

The instruction on the theory of complicity read, in pertinent part:

To be guilty as a complicitor, the following must be established beyond a reasonable doubt:

1. A crime must have been committed

2. Another person must have committed *all or part* of the crime

3. The defendant must have had knowledge that the other person intended to commit *all or part* of the crime

4. The defendant did intentionally aid, abet, or advise the other person in the commission or planning of the crime ... (emphasis added)

◼ Defendant did not object to this instruction at the time it was given and so we review it for plain error. *See Wilson v. People,* 743 P.2d 415 (Colo.1987). Jury instructions which do not undermine the fundamental fairness of a trial so as to cast doubt on the reliability of the verdict are not plain error. *Bogdanov v. People, supra.*

In *Bogdanov,* the supreme court distinguished between those cases in which two or more persons jointly commit a crime by each performing a part of the offense and those cases in which a principal commits the entire crime and the complicitor aids and abets in that crime. In this latter circumstance, the type at issue here, if the principal committed the crime in its entirety and the complicitor did not perform any of the elements of the offense, then the inclusion of the "all or part" language of the instruction is superfluous and any error is harmless. *See Bogdanov v. People, supra.*

Here, the jurors were instructed to determine whether defendant knew that the other person intended to commit the underlying offenses and that defendant intended his actions to aid and abet that person in committing those offenses. By its verdict, the jury necessarily found that defendant was not present during the offense but knew that another person intended to kidnap and assault the victim. Further, in order also to find him guilty of complicity, the jury necessarily determined that he had the required mental state for the underlying offenses of which he was convicted. Thus, although the "all or part" language of the complicity instruction was error, its inclusion in the jury instruction was not plain error.

## II.

■ Defendant next contends that, even if the evidence was sufficient to support his conviction for first degree sexual assault as a complicitor, it was insufficient for the jury to determine that, as an aggravating circumstance, he was physically aided and abetted by another in the commission of the sexual assault. Thus, he argues, as to this offense, he should have been sentenced, not for a class 2 felony, but for a class 3 felony. We agree.

Under § 18-3-402(1)(b), C.R.S.1997, one who knowingly inflicts sexual intrusion or sexual penetration on a victim commits sexual assault in the first degree if the actor causes the victim to submit by threat of imminent death, serious bodily injury, extreme pain, or kidnapping, to be inflicted upon anyone, and the victim believes that the actor has the present ability to carry out these threats. And, under § 18-3-402(3)(a), C.R.S.1997, sexual assault in the first degree is increased from a class 3 felony to a class 2 felony if, "in the commission of the sexual assault, the actor is physically aided or abetted by one or more persons."

■ The "actor," as that term is used in § 18-3-402(3), C.R.S.1997, can mean either the defendant or another participant in the sexual assault. *See People v. Walford,* 716 P.2d 137 (Colo.App.1985) (principles of complicity apply to § 18-3-402(3)). Accordingly, § 18-3-402(3)(a) will apply if a defendant, while committing the sexual assault, is physically aided or abetted by another person, or if a person other than the defendant commits the sexual assault and is physically aided or abetted by the defendant or another person.

Here, the jury was instructed that "the actor" was the defendant. And, the jury found, by special interrogatory, that defendant was guilty of first degree sexual assault as a complicitor and that the assault was accompanied by the aggravating circumstance that "the actor was physically aided or abetted in the commission of the assault."

Viewed in the light most favorable to the verdict, the evidence established that an unknown person kidnapped and sexually assaulted the victim. However, there was no evidence that any other person was present during the assault on the victim, and, by its verdict, the jury necessarily determined that defendant could not have been physically present during the commission of the offense.

Because the jury was instructed that defendant was "the actor," and because there was no evidence of any acts of anyone, other than the principal, which could be considered as physically aiding and abetting during the commission of the sexual assault, defendant asserts that the only physical act which could have constituted "aiding and abetting," according to the jury's verdict, was the commission, by the principal, of the sexual assault itself. Accordingly, defendant argues, the evidence was insufficient to apply the statutory aggravator because the first degree sexual assault itself, committed here by the principal, cannot be the means of physically

aiding or abetting for the purposes of enhancing defendant's conviction for that offense under § 18–3–402(3)(a). We agree.

■■■ Our primary task in construing a statute is to give effect to the intent of the General Assembly. To determine such intent, we look first to the statutory language. A statute must be read and considered as a whole and should be interpreted to give consistent, harmonious, and sensible effect to all its parts. *People v. District Court,* 713 P.2d 918 (Colo.1986).

Applying these principles of statutory interpretation, we conclude from a plain reading of the provisions of § 18–3–402, C.R.S. 1997, that the intent of the General Assembly was that, in order for first degree sexual assault to be elevated from a class 3 felony to a class 2 felony, there must be more than one person physically involved in the sexual assault.

Specifically, § 18–3–402(3)(a) sets forth that a conviction for first degree sexual assault shall be elevated to a class 2 felony "if [the sexual assault] is attended by the following circumstances," here, that the actor is physically aided and abetted by one or more persons. By definition, physical assistance requires actual presence. *See Webster's Third New International Dictionary* 1706 (1986). And, as used in this context, "attended" means "accompanied." *See Webster's Third New International Dictionary, supra* at 140. Plainly, then, this requires an additional physical act by someone other than the actor committing the sexual assault.

Furthermore, the actor must be physically aided and abetted "in the commission of" the assault which, necessarily, refers to the time immediately prior to, during, or immediately after, the sexual assault. *See Webster's Third New International Dictionary, supra* at 457 ("commission" means "the act of doing"). And since this additional physical act must aid and abet the actor, again, there must be another person actually present to provide such assistance.

In our view, it is apparent from its unambiguous language that § 18–3–402(3)(a) was enacted to impose a more severe punishment in situations in which more than one person commits sexual assault, such as gang rapes. We note that, since its enactment, § 18–3–402(3)(a) has been applied only in circumstances in which more than one person was physically present and participated in the commission of the sexual assault. *Compare People v. Naranjo,* 200 Colo. 11, 612 P.2d 1106 (1980) (three men forced victim to engage in multiple types of sexual conduct with them in turn); *People v. Walford, supra* (each defendant successively held knife against victim's throat while the other defendant raped her); *People v. Torres,* 701 P.2d 78 (Colo.App.1984) (one man sexually assaulted victim while another held her down); and *People v. Beigel,* 646 P.2d 948 (Colo.App. 1982) (one man blocked victim's escape immediately prior to another man's assault of her), *rev'd on other grounds,* 683 P.2d 1188 (Colo.1984) *with People v. Higa,* 735 P.2d 203 (Colo.App.1987) (wife's hand-clapping and vocal encouragement to husband while she observed him perpetrate sexual assault on his daughter was not sufficient as a matter of law to satisfy physically aided and abetted standard; however, such encouragement could suffice to support conviction of wife on complicity theory).

Consequently, we conclude that, because § 18–3–402(3)(a) requires, at a minimum, the presence of a second person during the commission of a first degree sexual assault to enhance that offense to a class 2 felony, the evidence here was insufficient to support the jury's determination that defendant was physically aided or abetted in the commission of the sexual assault.

### III.

Defendant next contends that the evidence is insufficient to support his conviction for conspiracy. In the alternative, he contends that, even if the evidence was sufficient to support the conspiracy conviction, if we determine that the finding of "physically aided and abetted" is error, the sentence imposed for the conspiracy conviction must be vacated. We disagree with both contentions.

### A.

■■■ Defendant argues that the evidence presented, at best, showed only that he had

some knowledge of the offense, but not that he entered into an agreement to commit the crimes with which he was charged.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that a defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

■ The essence of a conspiracy is the existence of an illegal agreement and an overt act in furtherance of the agreement. Section 18–2–201(1), C.R.S.1997. *See People v. Hood*, 878 P.2d 89 (Colo.App.1994). The existence of a conspiracy may be established by circumstantial evidence. *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970).

Here, the prosecution presented evidence showing that defendant had detailed knowledge of the events surrounding the kidnapping and the sexual assault and that he had sent letters to the victim and her daughter, warning them that he was making plans and threatening them with revenge.

Defendant also sent a letter, postmarked the day before the attack, to a friend of the victim's family in which defendant stated "[A]fter tonight, it's a done deal. [I]'ll have my revenge—my long awaited revenge. [S]he won't be able to prove a thing." And, after the assault, defendant sent the same friend another letter saying that he had "had the most perfect revenge." Defendant also indicated to others that he was aware of the identity of the perpetrator.

Viewing the evidence as a whole and in a light most favorable to the prosecution, a reasonable juror could conclude that defendant had more than mere knowledge that a crime had been committed. Instead, because defendant expressed details of the offense both before and after it happened, a reasonable juror could also infer that defendant had agreed with another to commit the assault in order for it to have occurred in his absence. Accordingly, the evidence was sufficient to support the jury's verdict finding defendant guilty of conspiracy.

## B.

■ Conspiracy to commit a class 2 felony is a class 3 felony, and conspiracy to commit a class 3 felony is a class 4 felony. *See* § 18–2–206(1), C.R.S.1997. And, second degree kidnapping, under the circumstances here, as well as statutorily enhanced first degree sexual assault, are class 2 felonies. *See* § 18–3–302 and § 18–3–402, C.R.S.1997. However, as discussed, first degree sexual assault, without the statutory aggravator, is a class 3 felony. Accordingly, defendant argues, if his conviction for conspiracy is upheld and if, as we have determined above, the jury's finding of "physically aids or abets" is error, then because his conviction for conspiracy to commit first degree sexual assault now must be reduced from a class 3 to a class 4 felony, he should be sentenced within the statutory range applicable to a class 4 felony. He bases this conclusion on his assertion that the trial court erroneously instructed the jurors concerning the elements of conspiracy. We do not agree.

Here, the trial court sentenced defendant for one count of conspiracy based on the jury's verdict finding him guilty of conspiracy to commit sexual assault and kidnapping.

■ A trial court should effectuate to the extent possible a jury's resolution of the issues submitted to it. *People v. Bartowsheski*, 661 P.2d 235 (Colo.1983). To do this, the court should select the combination of offenses producing the most convictions and the longest sentences. *See People v. Glover*, 893 P.2d 1311 (Colo.1995).

Here, the trial court defined the elements of conspiracy, in pertinent part, as being that the defendant:

3. with the intent to promote or facilitate, the commission of the crime of Sexual Assault *and/or* Kidnapping

4. agreed with another person or persons that they, or one of them, would engage in conduct which constitutes Sexual Assault *and/or* Kidnapping (emphasis added)

■ Again, defendant did not object to this instruction at the time it was given and

so we review it for plain error. *See Wilson v. People, supra.*

Defendant argues that because the trial court defined the elements of conspiracy to commit sexual assault and kidnapping in the disjunctive, the jury may have determined that defendant conspired only to commit the sexual assault—under the circumstances here, now a class 4 felony—but did not conspire to commit kidnapping, a class 3 felony. Therefore, defendant argues that, under the rule of lenity, he should be sentenced only for the lesser charge.

However, the jury verdict form required the jurors to determine whether defendant was guilty or innocent of conspiracy to commit sexual assault *and* kidnapping. Therefore, in convicting defendant as a complicitor on both the kidnapping and sexual assault charges, it is reasonable to infer that the jury determined that defendant was guilty of conspiring to commit both the kidnapping and the sexual assault. Accordingly, even if the charge of conspiracy to commit first degree sexual assault is reduced to a class 4 felony, it has no effect on the sentence imposed by the trial court. Thus, the conviction of conspiracy to commit kidnapping remains as a class 3 felony upon which the trial court appropriately could rely to impose the longer sentence. *See People v. Glover, supra* (trial court to use the combination of convictions resulting in the most severe punishment).

### IV.

▮ Finally, defendant contends that the trial court erred in imposing consecutive sentences for first degree sexual assault, second degree kidnapping, and conspiracy. He argues that the evidence supporting his convictions for sexual assault and kidnapping as a complicitor is identical to the evidence used to prove conspiracy and, therefore, his sentences should have been imposed to run concurrently. We do not agree.

▮ Conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. *People v. Morgan,* 189 Colo. 256, 539 P.2d 130 (1975). Conspiracy and complicity are separate and distinct theories of criminal liability. *Pooley v. People,* 164 Colo. 484, 436 P.2d 118 (1968).

▮ Because complicity is a theory of law by which a defendant may be held accountable for a crime committed by another, punishment is imposed for the underlying crime and not for complicity. *People v. R.V.,* 635 P.2d 892 (Colo.1981).

*People v. Madonna,* 651 P.2d 378 (Colo. 1982), is dispositive of defendant's contention. In *Madonna,* the supreme court determined that, because the substantive offense and the conspiracy to commit the offense are separate and distinct crimes, they may be punished separately by consecutive sentences.

Here, defendant was convicted of kidnapping and first degree sexual assault as a complicitor and of conspiracy to commit both offenses. Because a defendant convicted of an offense under a theory of complicity is punished according to the underlying crime and because the sentences for conspiracy and the underlying offense may be imposed consecutively, the trial court appropriately imposed consecutive sentences for these offenses.

Further, defendant's convictions for conspiracy and complicity were not established by identical evidence.

To prove conspiracy, the prosecution was required to establish that defendant entered into an agreement to commit the crime and performed an overt act in furtherance of the agreement. Section 18–2–201, C.R.S.1997. To prove that defendant was guilty of kidnapping and sexual assault as a complicitor, the evidence had to establish that he aided or abetted the principal in committing the crimes. Section 18–1–603.

Although some of the evidence establishing defendant's guilt may have been overlapping, those acts defendant performed to aid and abet the principal, such as planning the assault, necessarily were not part of the agreement to commit the crime. And, defendant's acts in entering into such agreement were not those that aided the principal in actually committing the assault. Accordingly, identical evidence was not used to prove defendant's guilt as a complicitor and a conspirator.

Thus, the trial court did not err in imposing consecutive sentences. *See Qureshi v. District Court,* 727 P.2d 45 (Colo.1986) (court has discretion to impose consecutive sentences if defendant is convicted of multiple counts which are not supported by the same evidence).

The judgment of conviction and sentence for first degree sexual assault is vacated and the cause is remanded for entry of judgment of conviction of first degree sexual assault as a class 3 felony and for resentencing accordingly. In all other respects, the judgments of conviction and the sentences are affirmed.

Judge METZGER and Judge TAUBMAN concur.