24CA2036 Peo v Martinez-Fabela 04-02-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2036
City and County of Denver District Court No. 07CR3679
Honorable Ericka F. H. Englert, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hilario Martinez-Fabela,

Defendant-Appellant.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 2, 2026

---

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney
General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Hilario Martinez-Fabela, Pro Se

¶ 1    Hilario Martinez-Fabela appeals the postconviction court's order denying his July 8, 2024, "Motion to Correct A[n] Illegal Sentence Pursuant to Crim. P. Rule 35(a)." We affirm the order denying relief. However, we remand the case for further proceedings consistent with this opinion.

## I.    Background

¶ 2    After killing his wife, Martinez-Fabela fled to Mexico with the couple's young daughter. He was ultimately apprehended and charged, and he subsequently pleaded guilty to added counts of second degree murder and second degree kidnapping in exchange for the dismissal of a first degree murder count. In May 2010, the district court sentenced him to forty-eight years in the custody of the Department of Corrections for the murder and a consecutive term of twelve years for the kidnapping.

¶ 3    Martinez-Fabela did not directly appeal, but he has filed numerous postconviction motions over the past decade and a half, including motions captioned under Crim. P. 35(a), (b), and (c).

¶ 4    In the July 2024 motion that is the subject of this appeal, he asserted that the district court "had no subject matter jurisdiction" because, although Martinez-Fabela admittedly took his daughter to

1

Mexico after killing her mother, he had an unrestricted right to do so as the daughter's parent. Thus, his "second degree kidnapping conviction [could not] stand" because insufficient evidence existed to prove that he seized and carried his daughter without consent or lawful justification.

¶ 5 He further asserted that his sentence for kidnapping was excessive and must be vacated in the interest of justice. The crux of this claim was that the sentencing court improperly aggravated his sentence in violation of various constitutional rights, including those articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

¶ 6 The postconviction court denied the motion, concluding that the first claim lacked merit and the second had been previously raised and resolved.

## II. Analysis

¶ 7 Martinez-Fabela contends that the postconviction court erred by denying his requested relief. We disagree, though we affirm the court's order on different grounds. *See Moody v. People*, 159 P.3d 611, 615 (Colo. 2007) (holding that appellate court may affirm on any basis supported by the record).

## A. Standard of Review

¶ 8    We review de novo the summary denial of a postconviction motion under Rule 35(a) or (c). *See Tennyson v. People*, 2025 CO 31, ¶ 23 (Rule 35(a)); *People v. Cali*, 2020 CO 20, ¶ 14 (Rule 35(c)).

## B. "Jurisdictional" Claim

¶ 9    Martinez-Fabela reasserts his claim that the district court "had no jurisdiction on the kidnapping charge because [Martinez-Fabela's] actions didn't constitute a crime given that it was his own daughter [with whom] he fled . . . to Mexico." As we understand this argument, he claims that "lack of consent was a necessary element of [his kidnapping conviction]," but the evidence did not support this element because his daughter, as a minor, could not give consent. Rather, as her parent, only he could (and did). We conclude, however, that Martinez-Fabela's "jurisdictional" claim does not challenge the district court's subject matter jurisdiction at all.

¶ 10    Although Rule 35(a) authorizes a court to correct a sentence imposed without jurisdiction at any time, a sentence is only so imposed when it is "in excess of the court's subject matter jurisdiction." *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App.

3

2006). "Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment." *People v. Sims*, 2019 COA 66, ¶ 14. A court has subject matter jurisdiction "where it has been empowered to entertain the type of case before it by the sovereign from which the court derives its authority." *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011). And article VI, section 9(1) of the Colorado Constitution vests district courts with original jurisdiction in all criminal cases. *Sims*, ¶ 14. A district court's jurisdiction is invoked by the filing of a legally sufficient charge. *See id.* at ¶ 15. If the charge identifies the essential elements of the crime in the language of the statute, it is legally sufficient. *Id.* at ¶ 16.

¶ 11    Martinez-Fabela does not call into question the legal sufficiency of the second degree kidnapping charge to which he pleaded guilty. Instead, he asserts that the evidence — in particular, the actions he undertook in taking his daughter to Mexico — was insufficient to support a finding that he committed the offense. This is not a challenge to the court's subject matter jurisdiction cognizable under Rule 35(a) but rather a challenge to the sufficiency of the evidence supporting Martinez-Fabela's

conviction cognizable under Rule 35(c). *See People v. Nunez*, 673 P.2d 53, 54 (Colo. App. 1983) (holding that "sufficiency of the evidence is a constitutional issue, cognizable under [Rule] 35(c)(2)"); *see also McCoy v. People*, 2019 CO 44, ¶ 20 (holding that sufficiency-of-the-evidence claims are rooted in "due process, namely, that 'no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof'" (citation omitted)); *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) (noting a postconviction motion is properly brought under Rule 35(c) when the defendant challenges the constitutionality of his conviction or sentence).

¶ 12    Rule 35(c) claims are subject to certain procedural bars. A court must deny such claims if they are raised after the three-year time limitation for collateral attacks on non-class 1 felony convictions, unless certain exceptions apply. *See* § 16-5-402(1), (2), C.R.S. 2025.

¶ 13    Martinez-Fabela did not raise the instant claim until 2024. But his felony conviction for kidnapping occurred when he was sentenced in May 2010 and did not directly appeal. *See People v. Hampton*, 857 P.2d 441, 444 (Colo. App. 1992) ("[F]or purposes of

section 16-5-402(1) and postconviction review, a conviction occurs when the trial court enters judgment and sentence is imposed, if there is no appeal."), *aff'd,* 876 P.2d 1236 (Colo. 1994).[1]  Thus, as Martinez-Fabela's motion did not allege that an exception to section 16-5-402(1)'s time bar applies here, he had until May 2013 to raise the asserted claim.  *See People v. Clouse,* 74 P.3d 336, 340 (Colo. App. 2002) (holding that the defendant has the burden to allege and establish an exception to the time bar set forth in section 16-5-402(1)).  Accordingly, Martinez-Fabela's challenge to the sufficiency of the evidence supporting his kidnapping conviction is time barred.  *See* § 16-5-402(1.5) ("If an appellate court can determine on the face of the motion, files, and record in a case that a collateral attack is outside the time limits specified in subsection (1) of this section, the appellate court may deny relief on that basis,

---

[1] True, a division of this court determined in 2016 that a component of Martinez-Fabela's sentence was illegal.  *People v. Martinez-Fabela,* slip op. at 2 (Colo. App. No. 15CA1194, May 26, 2016) (not published pursuant to C.A.R. 35(e)).  But that illegality did not reset the clock for any and all Rule 35(c) claims.  *See Hunsaker v. People,* 2021 CO 83, ¶ 26 ("A defendant who successfully corrects an illegal sentence may thereafter collaterally attack their conviction, but they may only raise arguments addressing how the illegality in the sentence potentially affected the original conviction.").

regardless of whether the issue of timeliness was raised in the trial court.").

¶ 14    Having so concluded, we need not address whether it is also subject to the successiveness bars set forth in Rule 35(c)(3)(VI) and (VII) (setting forth the successiveness bars that require a court to deny Rule 35(c) claims raised and resolved, or that could have been raised, in a previous postconviction proceeding or appeal).[2]

## C.    Other Claims

¶ 15    First, beyond a summary statement that his second degree kidnapping sentence "is excessive," Martinez-Fabela's opening brief does not present any argument related to his claim that the sentencing court aggravated his sentence in violation of his constitutional rights.  *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (holding that the failure to specifically reassert on appeal postconviction claims resolved by the district court is a conscious relinquishment of those claims).  In any event, claims alleging constitutional defects, including the error alleged in

---

[2] Our review of the record suggests that at least one motion filed on March 27, 2017, appears to have never been resolved though counsel was appointed to address it.

7

Martinez-Fabela's motion under *Apprendi* and *Blakely*, are cognizable under Rule 35(c) and thus fail because, as explained above, they are time barred. *See Collier*, 151 P.3d at 670; *Wenzinger*, 155 P.3d at 419 (holding that a challenge to an aggravated range sentence as contrary to the Sixth Amendment right to a jury determination of all facts that impact the maximum sentence falls within the ambit of Rule 35(c)).

¶ 16    Second, in his opening brief, Martinez-Fabela asserts that his defense counsel "was deficient" for (1) "not investigating the statutes . . . as applied to [his] guilty plea"; (2) failing to "correct a due process violation"; and (3) failing to correctly advise him in regard to his plea. Martinez-Fabela did not raise these claims in his motion; therefore, we will not address them. *See DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."). Likewise, to the extent Martinez-Fabela asserts new claims for the first time in his reply brief, we will not consider them. *See People v. Owens*, 2024 CO 10, ¶ 90 ("[I]t is well-settled that an appellate court will

not consider arguments raised for the first time in a reply brief . . . .").

## D.    Restitution

¶ 17    In the factual background section of his opening brief, Martinez-Fabela notes that, in *People v. Martinez-Fabela,* (Colo. App. No. 15CA1194, May 26, 2016) (not published pursuant to C.A.R. 35(e)), a division of this court remanded his case back to the district court for a hearing on restitution. The division did so after concluding that Martinez-Fabela's original sentence was illegal because the district court failed to consider restitution under section 18-1.3-603(1), C.R.S. 2015. *Martinez-Fabela,* No. 15CA1194, slip op. at 2 (noting that the district court, despite acknowledging its failure to consider restitution at sentencing, concluded that "it did not need to consider restitution" where the failure to do so was harmless because the defendant was not "subject to" restitution). The division's remedy for this failure was to remand "for consideration of restitution in compliance with section 18-1.3-603(1)." *Id.* at 3.

¶ 18     The record indicates that, upon remand, the district court
entered a post-sentencing restitution order in the amount of
$1,800.

¶ 19     Martinez-Fabela's opening brief "puts this court on 'notice'
that it needs to re-visit" restitution pursuant to *Snow v. People*,
2025 CO 32, and remand his case to vacate the post-sentencing
restitution order issued following the remand in *Martinez-Fabela*,
No. 15CA1194.  Based on *Snow*, which the district court didn't have
the benefit of when it entered its restitution order, we agree that
vacatur of the post-sentencing restitution order is appropriate.

¶ 20     In the Rule 35(a) context, *Snow* determined that when — as
here — a sentencing court fails to include any of the four
enumerated restitution orders required by section 18-1.3-603(1) in
the judgment, the resulting sentence is not authorized by law and
may be challenged at any time.  *Snow*, ¶¶ 1-2.  However, unlike the
division in *Martinez-Fabela*, No. 15CA1194, the supreme court in
*Snow* concluded that the remedy for such an illegal sentence was to
remand for entry of an order that no restitution is owed.  *Snow*,
¶¶ 23, 30.  Thus, *Snow* concluded, the defendant was "entitled to
vacatur of the post-sentencing restitution order and entry of an

10

order of no restitution." *Id.* at ¶ 30. Consequently, we must remand this case for vacatur of the post-sentencing restitution order and entry of an order that no restitution is owed. *See Whiteaker v. People*, 2024 CO 25, ¶¶ 27-28 (noting that appellate courts have the power and the duty to correct an illegal sentence).

### III. Disposition

¶ 21 The order denying postconviction relief is affirmed, and the case is remanded with instructions to vacate the post-sentencing restitution order and enter an order that no restitution is owed.

JUDGE FOX and JUDGE SULLIVAN concur.