Tasneem QURESHI, Petitioner,

v.

Warren T. DIESSLIN, Superintendent of the Buena Vista Correctional Facility; and the Attorney General of the State of Colorado, Respondents.

Civ. A. No. 86F2480.

United States District Court, D. Colorado.

Feb. 24, 1987.

Tasneem I. Qureshi,* Buena Vista, Colo., pro se.

Duane Woodard, Atty. Gen., Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER is before the Court on Mr. Qureshi's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on December 9, 1986.

Pursuant to Local Rule 605, this matter was referred to the United States Magistrate. The Magistrate entered his Recommendation on December 17, 1986. He recommended that the petition be dismissed on the grounds that petitioner has failed to exhaust his state court remedies.

Local Rule 605 requires the parties to submit any objections to the Recommendation within ten days after service of the Recommendation. On January 5, 1987, petitioner filed a Motion for Extention (sic) of Time in which to file a motion for reconsideration. The Motion was granted and petitioner filed his Motion for Reconsideration on January 14, 1987. In response to our Minute Order of January 20, 1987, respondents filed their response to petitioner's motion on February 12, 1987, and urged this Court to adopt the Magistrate's recommendation.

In his Motion for Reconsideration, petitioner argues that: (1) the Court has jurisdiction over his petition even though he has failed to exhaust state remedies, (2) his conviction resulted in violation of the double jeopardy clause, and (3) he has been denied equal protection under the law because his consecutive sentences subject him to a greater penalty than he would have received had his victim died.

A statement on the procedural history of petitioner's state case is necessary. After a trial to a jury, petitioner was convicted on

April 9, 1986 of attempted manslaughter (heat of passion) and first-degree assault (heat of passion), both class five felonies. Each count is punishable with a sentence within a presumptive range of 1–2 years and within an aggravated range of 2–4 years if there are extraordinary aggravating circumstances. See C.R.S. § 18–1–105(1)(a)(II) (1985 Supp.). Judge Alvin D. Lichenstein, District Court in and for the Second Judicial District and State of Colorado, imposed aggravated sentences of three years on each count and ordered the sentences to run consecutively. In addition, petitioner was also ordered to serve a period of parole as part of the sentence.

Petitioner, through his attorney, immediately challenged the consecutive nature of these sentences by bringing an original proceeding in the Colorado Supreme Court pursuant to C.A.R. 21. This original proceeding was filed on June 12, 1986. On October 14, 1986, the Colorado Supreme Court issued an opinion which denied petitioner relief and upheld the consecutive sentences. This decision further held that petitioner could not be required to serve a term of parole after his prison sentence. See Qureshi v. District Court, 727 P.2d 45 (Colo.1986). To the best of this Court's knowledge, as gleaned from petitioner and respondent, petitioner has not sought any post-conviction relief in state court since the Colorado Supreme Court decision of October 14, 1986. However, petitioner has pursued a conventional appeal of his conviction in the Colorado Court of Appeals.

As previously stated, Magistrate Donald E. Abram dismissed the petition for writ of habeas corpus until such time as petitioner has exhausted his state court remedies. Upon review of the pleadings, exhibits, and relevant case law, we agree with the Magistrate's recommendation of dismissal.

As a prerequisite for federal court intervention by writ of habeas corpus, all available and adequate state remedies must be exhausted. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379

---

* Copy of Rule 605 attached to copy of Recommendation.

(1982); *Naranjo v. Ricketts,* 696 F.2d 83 (10th Cir.1982). State remedies are not deemed exhausted until the highest state appellate courts have had the opportunity to consider the merits of the claim which petitioner seeks to present in federal court. *See Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975).

■ Claims of constitutional rights violations must be "fairly presented" to state courts before federal courts may intervene. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Sandoval v. Rodriguez,* 461 F.2d 1097 (10th Cir.1972). Moreover, state appellate courts must be afforded an opportunity for full and fair consideration of an issue before it is deemed exhausted. *Smith v. Atkins,* 678 F.2d 883 (10th Cir.1982). Accordingly, a federal constitutional claim will not be deemed exhausted unless it has first been postured as a constitutional claim in a state's highest court. *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The mere raising of a claim under state law does not satisfy the exhaustion requirement where state appellate courts have not had fair opportunity to address constitutional ramifications subsequently raised in federal court. *Picard* at 275–279, 92 S.Ct. at 512–514. An argument based on state law is not the equivalent of a claim of a specific constitutional violation. *Id.*

■ Examination of petitioner's original proceeding before the Colorado Supreme Court reveals that the Court was never afforded the opportunity to decide the constitutional claims raised herein. Petitioner's pleadings before the Court do not contain any of his constitutional claims. The original petition to the Colorado Supreme Court and the reply attack the consecutive nature of the sentences. *See* Respondents' Brief, Appendices A and C. These attacks are based upon state law, not federal constitutional principles. While cases were cited that discuss certain constitutional principles, the posture of petitioner's arguments to the Colorado Supreme Court were not couched in constitutional terms. Consequently, the Court did not and was not required to discuss any constitutional issues in its decision in *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986). We further note that Petitioner has raised a constitutional argument in his appeal to the Colorado Court of Appeals, where he claims that the consecutive sentences deny him equal protection. *See* Respondents' Brief, Appendix D. Thus, petitioner has not yet exhausted his state remedies.

■ Finally, petitioner's complaint that he may serve his sentence before the conclusion of his appeal does not require intervention by this Court or otherwise preclude application of the exhaustion requirement. Petitioner may raise the constitutional claims in a state post-conviction or habeas corpus action. *See* Colo.R.Crim.P. 35(a). Colorado district courts retain jurisdiction to correct illegal sentences at any time. *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972).

ACCORDINGLY, the Recommendation by the United States Magistrate, entered December 17, 1986, is ADOPTED. It is hereby ORDERED that petitioner's Motion for Reconsideration is DENIED. The Complaint and civil action are DISMISSED.

## RECOMMENDATION BY UNITED STATES MAGISTRATE

D.E. ABRAM, United States Magistrate.

The petitioner, Tasneem Qureshi, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been assigned to Magistrate Donald E. Abram pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado. The Magistrate enters his following conclusion of law and recommendation.

The petitioner, Tasneem Qureshi, has now filed eight pleadings with this Court in the last seven months. All of the actions concern his conviction and sentence by the state court. Some actions are civil rights cases and others habeas corpus.

**558**

This new petition must also be dismissed. The petitioner, in his pleadings states as follows, "13. Your Petitioner had exhausted all available state judicial remedies, *except the Direct Appeal to the Colorado Court of Appeals.* Thus if Petitioner must wait for this issue to be decided on appeal, he will have served, with the pre-confinement-time and good-time, a sentence in excess of that which could have been legally imposed."

This Court does not have jurisdiction to hear his petition for writ of habeas corpus until such time as the petitioner has exhausted his remedies within the state court system. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Naranjo v. Ricketts,* 696 F.2d 83 (10th Cir.1982).

IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed.

FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten (10) days after the service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this recommendation may bar the party for a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 673, 676–683, 100 S.Ct. 2406, 2411, 2412–2416, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate that are accepted or adopted by the District Court.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).