977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert I. RIVERA, Petitioner-Appellant,
v.
Lou HESSE; Gale A. Norton, Attorney General of the State of
Colorado, Respondents-Appellees.
 No. 92-1026.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 Robert I. Rivera (Rivera) appeals from an order of the district court adopting a magistrate judge's recommendation that Rivera's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed.
 
 
 2
 Rivera was charged in Denver County District Court, State of Colorado, with possession of weapons by a previous offender and being a habitual criminal. During his trial, the district court admitted, over Rivera's objection, evidence of a conversation between Rivera and Richard White, an informant. Rivera was convicted on all counts and sentenced to life imprisonment.
 
 
 3
 On appeal, Rivera challenged the admission of the evidence of the conversation. The Colorado Court of Appeals reversed his conviction, holding that the police had improperly monitored Rivera's conversation with White in violation of Colorado's Wiretapping and Eavesdropping statutes when they forced White to wear a wire. The Colorado Supreme Court granted certiorari and reversed, holding that White's cooperation had been voluntary. People v. Rivera, 792 P.2d 786, 791 (Colo.1990).
 
 
 4
 Rivera subsequently filed a petition for writ of habeas corpus in federal district court alleging that his conviction was obtained by use of evidence obtained pursuant to an illegal wiretap and that the claim he sought to present there was the same claim the Colorado Court of Appeals and three dissenting justices of the Colorado Supreme Court of Appeals found to be persuasive. Rivera further alleged that his conversation with White was illegally monitored in violation of Colorado's Wiretapping and Eavesdropping statutes because White had been improperly induced into wearing a wire. Neither the federal constitution nor any federal law was expressly invoked in Rivera's petition.
 
 
 5
 The magistrate judge recommended that Rivera's petition be dismissed for failure to allege a federal claim and because Rivera had failed to exhaust all available and adequate state remedies. The district court adopted the magistrate judge's recommendation as its own and dismissed Rivera's petition.
 
 
 6
 On appeal, Rivera contends that his petition stated a federal constitutional claim and that he had exhausted all available and adequate state remedies prior to filing his habeas corpus petition.
 
 
 7
 A federally issued writ of habeas corpus reaches only convictions obtained in violation of some provision of the United States Constitution. Smith v. Phillips, 455 U.S. 209, 221 (1982); Miranda v. Cooper, 91-1080 (10th Cir. June 17, 1992), Sl.Op. at pp. 16-17. Furthermore, a state prisoner's habeas corpus petition "should be dismissed if the prisoner has not exhausted available state remedies as to any federal claims." Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2554-5 (1991); Miranda v. Cooper at pp. 19-20. Both of these principles were properly considered and relied upon by the magistrate judge in his recommendation of dismissal.
 
 
 8
 We affirm the district court's Order of dismissal for substantially the reasons forth in the "Recommendation of United States Magistrate Judge" dated July 1, 1991, a copy of which is attached hereto.
 
 
 9
 AFFIRMED. Mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 91-C-704
 
 10
 Robert I. Rivera, Petitioner,
 
 
 11
 vs.
 
 
 12
 Lou Hesse and The Attorney General of the State of Colorado,
 
 
 13
 Respondents.
 
 July 1, 1991
 
 14
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 15
 Petitioner Robert I. Rivera is currently serving a sentence at Centennial Correctional Facility. He initiated this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that his rights under the United States Constitution have been violated.
 
 
 16
 Pursuant to Rule 605 of the Local Rules of Practice of the United States District Court of the District of Colorado, this matter has been referred to Magistrate Judge Richard M. Borchers. On April 30, 1991, Magistrate Judge Borchers issued an Order to Show Cause to Respondents. Respondents submitted their Answer to this Order on May 17, 1991. On June 4, 1991, Magistrate Judge Borchers issued an Order requesting Petitioner to show cause why the petition should not be dismissed. Petitioner submitted his response on June 17, 1991. On June 18, 1991, Petitioner requested that counsel be appointed to represent him in this matter. Upon a review of the case file and the applicable law, a recommendation now is made that the petition be dismissed and that Petitioner's request for appointment of counsel be denied.
 
 
 17
 As Petitioner is representing himself, his petition will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). A petition must be dismissed if, accepting the allegations as true, it appears beyond doubt that Petitioner can prove no set of facts in support of his claim that would entitle him to relief. Scheuer v. Rhodes, 456 U.S. 232, 236 (1974); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 18
 Petitioner in this petition alleges that on October 31, 1986 in the Denver County District Court that he was convicted of possession of weapons by a previous offender and of being an habitual criminal. He was sentenced to life imprisonment. The Colorado Court of Appeals reversed the conviction. The Colorado Supreme Court reversed and remanded the case back to the Court of Appeals for consideration of other issues. The Court of Appeals resolved those issues adversely to Petitioner. It ultimately affirmed Petitioner's conviction.
 
 
 19
 In order for a state prisoner to receive habeas corpus relief in federal court, the prisoner must have been convicted in violation of his or her rights under the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A violation of state law alone does not state a cognizable claim for a violation of a federal constitutional right. Engle v. Isaac, 456 U.S. 107, 119-21 (1982); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979). Federal courts hold no general supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension. Smith v. Phillips, 455 U.S. 209, 221 (1982); Gaines v. Hess, 662 F.2d 1364, 1368 (10th Cir.1981). Before a federal court may provide a habeas petitioner relief, "it must be established not merely that the [challenged state action] is undesirable, erroneous, or even universally condemned, but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Cupp v. Naughten, 414 U.S. 141, 146 (1973). A federal habeas petitioner must advance constitutional claims, not just claims under state law. Anderson v. Harless, 459 U.S. 4, 6 (1982).
 
 
 20
 The claim which Petitioner presented to the Colorado Court of Appeals and the Colorado Supreme Court was whether the trial court erred "in denying Defendant's Motion to Suppress Evidence of the conspiratorial conversation for failure to comply with the Colorado Wiretap Statute C.R.S. § 16-15-101 et. seq." See Appellant's Opening Brief to Colorado Court of Appeals, at page 1, and Respondent's Brief to Colorado Supreme Court, at page 1, attached as Appendices A and E to Respondent's Answer to Order to Show Cause. In this Petition, Petitioner alleges that his "conviction [was] obtained by use of evidence obtained pursuant to an illegal wiretap" (Petition at 6). Petitioner states that the claim he seeks to present before this Court is the same claim that the Colorado Court of Appeals and three dissenting justices of the Colorado Supreme Court found to be persuasive. (Petition at 6). That claim is based upon the Colorado Wiretap Statute, a state law. Neither the federal constitution nor federal law is invoked in the petition.
 
 
 21
 In his response to the Order to Show Cause issued by this Court on June 4, 1991, Petitioner argues that because the state courts used federal standards for assessing the legality of the wiretap, a federal claim was before the state courts, a claim which is now properly before this Court. Petitioner is mistaken. There was no Colorado case law interpreting the consent requirements of the Colorado Wiretap Statute at the time of Petitioner's appeal. Thus, the Colorado courts turned to decisions interpreting the federal wiretap statute, 18 U.S.C. § 2511(2)(c), which is substantially similar to the Colorado statute, for guidance as to how to interpret their own statute. See People v. Rivera, 765 P.2d 624, 626 (Colo.App.1988), rev'd, 792 P.2d 786 (Colo.1990). Although they used federal law to help them define some statutory terms, the state courts did not interpret Petitioner's claim as a federal claim. The only claim decided by the state courts was whether evidence was obtained in violation of the Colorado Wiretap Statute. It is that state law claim which currently is before this Court. Because Petitioner has not alleged a federal constitutional claim, the petition should be dismissed.
 
 
 22
 Even if this Court were to construe the petition as presenting a federal claim, dismissal would be required. In all but exceptional circumstances, a habeas corpus petitioner must exhaust all available and adequate state remedies before a federal court may address his petition. 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 511 (1982); Picard v. Connor, 404 U.S. 270, 275-76 (1971). A federal constitutional claim is not deemed exhausted until it has been postured as a constitutional claim in a state's highest court. Qureshi v. Diesslin, 654 F.Supp. 555, 557 (D.Colo.1987). As discussed above, Petitioner has not yet presented a federal constitutional claim to the Colorado Court of Appeals or the Colorado Supreme Court. Thus, this petition should be dismissed.
 
 
 23
 Even if Petitioner had presented a Fourth Amendment claim to both the state courts and this Court, he would not be able to obtain federal relief because a Fourth Amendment claim is not available to him under these circumstances. Petitioner claims that police secured the consent of an informant to wear a wireless microphone transmitter by fraudulently representing to him that if he refused, he would be prosecuted for a felony when, in fact, the District Attorney's Office had refused to file the case. Petitioner claims because the informant's consent to wear the microphone was obtained fraudulently, it was invalid. See Opening Brief of Appellant at p. 15, attached as Exhibit A to Respondents' Answer to Order to Show Cause.
 
 
 24
 Petitioner's justifiable expectations of privacy do not depend on whether the informant's consent to wear the microphone was voluntary. A defendant, when speaking to a co-conspirator, cannot reasonably expect that no one is listening to the words he speaks. United States v. Chiavola, 744 F.2d 1271, 1275 (7th Cir.1984). Eavesdropping is not a search implicating the Fourth Amendment. Id. See also United States v. White, 401 U.S. 745, 752 (1971) (plurality opinion) (electrically monitored conversation: "Inescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police."). Because Petitioner has no Fourth Amendment interest at stake, the petition should be dismissed.
 
 
 25
 IT IS THEREFORE RECOMMENDED that Petitioner Robert I. Rivera's petition be dismissed.
 
 
 26
 IT IS FURTHER RECOMMENDED that Petitioner's request for appointment of counsel be denied.
 
 
 27
 FURTHER, IT IS ORDERED that under Rule 605 of the Local Rules of Practice of Practice of the United States District Court for the District of Colorado, the parties shall have ten days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.
 
 
 28
 It is further ORDERED that the clerk of the United States District Court shall attach to a copy of this recommendation for Petitioner a copy of Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado.
 
 BY THE COURT:
 Richard M. Borchers
 United States Magistrate Judge
 LOCAL RULES OF PRACTICE
 Rule 605
 Prisoner Petitions
 
 29
 A. Subject to provisions of the United States Supreme Court Rules governing § 2254 and § 2255 cases, the uniform rules of ancillary forms for use in the district courts within the Tenth Circuit have been adopted. These rules apply to pro se petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 and motions under Rule 35, Federal Rules of Criminal Procedure, and to civil rights complaint under 42 U.S.C. § 1983. Copies of the uniform rules and ancillary forms shall be made available upon request made to the clerk.
 
 
 30
 B. When presented for filing, pro se petitions under 28 U.S.C. § 2241, § 2254, and pro se complaint under 42 U.S.C. § 1983 shall be delivered to a magistrate who shall review the motion and affidavit to proceed in forma pauperis and rule thereon in accordance with 28 U.S.C. § 1915. If the motion is granted, the magistrate shall promptly review the file and, if there is any basis for jurisdiction and possible merit, the magistrate shall direct the clerk to make service of process.
 
 
 31
 C. If the magistrate determines that the case may be dismissed pursuant to 28 U.S.C. § 1915(d) or F.R.Civ.P. 12, the magistrate shall prepare a recommendation and appropriate order for consideration by a district judge, who shall at that time be selected as provided in Rule 200.
 
 
 32
 D. These cases shall be assigned to a district judge drawn by lot and to a designated magistrate. The assigned magistrate shall review promptly all further pleadings and may:
 
 
 33
 1. Issue such orders as may be needed to obtain a complete record.
 
 
 34
 2. Conduct such evidentiary hearings as may be necessary, including the conduct of on-site depositions and investigations.
 
 
 35
 3. Prepare appropriate findings and recommendations for consideration by the district judge, copies of which shall be mailed to the parties who shall have ten (10) days after service thereof to serve and file specific written objections thereto. If no such objections are timely filed, the magistrate's proposed findings and recommendations may be accepted by the district judge and appropriate orders entered without further notice.
 
 
 36
 4. Obtain the expected release date of inmates filing complaints under 42 U.S.C. § 1983 to determine when plaintiffs may be available for trial.
 
 
 37
 (Revisions Effective February 1, 1984)
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3