977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edwin ALMEYDA, Petitioner,
v.
Frank O. GUNTER, Executive Director, Colorado Department of
Corrections, Canon City, Colorado, Respondent.
 No. 92-1157.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edwin Almeyda (Almeyda), Petitioner-Appellant, appeals from the federal district court's order denying his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Almeyda was convicted in 1987 in the district court of El Paso County, Colorado, of attempted aggravated robbery and two counts of habitual criminality. He is presently serving a sentence of thirty-five years.
 
 
 3
 Having exhausted available state remedies, Almeyda filed this action. On appeal, Almeyda contends that the district court erred in dismissing his petition in that, contrary to the district court's findings, (1) he was denied due process of law when the state trial court denied his motion to dismiss on grounds of former jeopardy following the state trial court's sua sponte declaration of a mistrial, and (2) he was denied due process of law when his sentence was enhanced with an involuntary guilty plea.
 
 
 4
 The district court ordered that no certificate of probable cause would issue "because the petitioner has not made a substantial showing of a denial of a federal right." (R., File Folder, Document filed 5/28/92). The above reasons meet the requirements of Herrera v. Payne, 673 F.2d 307, 308 (10th Cir.1982). However, we grant petitioner's request for a certificate of probable cause in order to review the merits of his claims.
 
 
 5
 We have reviewed the entire district court file and have carefully reviewed the briefs. We are satisfied that the district court carefully analyzed the issues and arrived at the correct result. We AFFIRM for substantially the reasons set forth in the District Court's Order of April 27, 1992, a copy of which is attached hereto. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
 
 Civil Action No. 92-F-375
 
 7
 EDWIN ALMEYDA, Petitioner,
 
 
 8
 v.
 
 
 9
 FRANK O. GUNTER, Executive Director, Colorado Department of
 
 
 10
 Corrections, Respondent.
 
 ORDER
 Sherman G. Finesilver, Chief Judge
 
 11
 This matter comes before the Court on Petitioner Edwin Almeyda's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed February 28, 1992. Respondent Frank O. Gunter has answered and opposes the petition.
 
 
 12
 Petitioner makes the following two allegations in his petition: 1) he was denied due process because the trial court denied his motion to dismiss on grounds of former jeopardy following the trial court's sua sponte declaration of a mistrial; and 2) he was denied due process because his sentence was enhanced with an involuntary guilty plea. For the reasons stated below, we find that Petitioner's claims are without merit. Accordingly, the petition is DENIED.
 
 I.
 
 13
 Petitioner is currently incarcerated at the Colorado Department of Corrections in Limon, Colorado. Respondent Frank O. Gunter is the Executive Director of the Colorado Department of Corrections.
 
 
 14
 Petitioner is serving a 35-year sentence for attempted aggravated robbery and two counts of habitual criminality. Petitioner was convicted of these charges on December 2, 1987, following a jury trial in the El Paso County District Court.
 
 
 15
 Petitioner appealed this conviction to the Colorado Court of Appeals. That court affirmed the conviction in an unpublished opinion entered December 20, 1990. On March 27, 1991, Petitioner filed a timely Petition for a Writ of Certiorari with the Colorado Supreme Court. The petition was denied on September 3, 1991. The mandate subsequently issued in this case on September 16, 1991. Hence, Petitioner has exhausted all available state remedies. Qureshi v. Diesslin, 654 F.Supp. 555, 556-57 (D.Colo.1987).
 
 II.
 
 16
 Petitioner's first trial ended in a mistrial when the jury reported it was deadlocked. Shortly after the beginning of Petitioner's second trial on November 30, 1987, a juror requested permission to make a phone call and the court took a short recess. Immediately after reconvening, the court declared a mistrial. The next morning, the court made the following statement:
 
 
 17
 At the last record in this case, the Court had declared a mistrial and the record was not extended at that time to state the circumstances under which the mistrial was granted. Record should reflect the Court was in chambers and informed by counsel for the People in the presence of [defense counsel] that when the jury had--or when the Court had taken a brief recess it allowed the jury to go out into the public hallway of the courthouse, that a police officer went up to [the prosecutor] in the presence of jurors and--said, "Why don't you just tell the jury that there was a plea offered and get this case over with?" The Court determined with that kind of communication in front of the juror, that the Defendant could not have a fair trial before that jury and declared a mistrial.
 
 
 18
 After the court spoke, defense counsel was given an opportunity to respond. Defense counsel admitted that he also indicated that "There is a problem, Your Honor." However, defense counsel complained that "We didn't have a chance to make a record. What I would have suggested is that we talk to the juror at that point.... Our argument was that jeopardy attached and, therefore, we'd ask for dismissal of this case."
 
 
 19
 The Court denied the motion, and later in the proceedings explained:
 
 
 20
 In regard to the granting of the mistrial, the Court--and counsel indicate that he would rather have talked to the jurors. Considering the extremely prejudicial nature of the statement and the circumstances under which it occurred, which is that there were--was at least one juror within earshot and all of the jurors were mingling in the court--halls of the courtroom at that time and by declaring a mistrial the Court could empanel another jury immediately, the Court determined that prejudice to Defendant to the right of fair trial would not be served by attempting to question the entire jury panel, but the questioning itself would raise the danger of prejudice and that it could immediately restart a trial with an untainted jury and, therefore, the court made that decision and has proceeded on that basis.
 
 
 21
 In Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Petitioner claims that in denying his motion to dismiss, the trial court erred. We disagree.
 
 
 22
 Where prejudicial conduct has occurred which makes it unjust to proceed with a trial, the trial court, on grounds of "manifest necessity", may declare a mistrial. Illinois v. Somerville, 410 U.S. 458, 472 (1973); United States v. Perez, 22 U.S. (9 Wheat.) 579, 580 (1824). When the initial trial has been terminated in this manner, the court may order a new trial, and the double jeopardy protection is not applicable. Somerville, 410 U.S. at 472.
 
 
 23
 Although "the trail judge need not make an explicit finding of manifest necessity," the record must provide sufficient justification for the court to terminate the proceedings short of a verdict. United States v. Crotwell, 896 F.2d 437, 441 (10th cir.1990).
 
 
 24
 Appellate courts have given wide latitude to trial courts to determine the circumstances under which termination of a trial is substantially justified. The Supreme Court explained the reasons for this deference to the trial court in Arizona v. Washington, 434 U.S. 497, 513-14 (1978):
 
 
 25
 There are compelling institutional considerations militating in favor of appellate deference to the trial judge's evaluation of possible juror bias. He has seen and heard the jurors during their voir dire examination. He is the judge most familiar with the evidence and the background of the case on trial. He has listened to the tone of the argument as it was delivered and has observed the apparent reaction of the jurors. In short, he is far more "conversant with the factors relevant to the determination" than any reviewing court can possibly be.
 
 
 26
 (Footnote omitted, citation omitted).
 
 
 27
 In the instant action, the trial court specifically found that the statement made by the police officer was "extremely prejudicial", and "that prejudice to Defendant to the right of a fair trial would not be served by attempting to question the entire jury panel...." The trial court was told by both the prosecutor and defense counsel that there was a problem, and the trial court reacted to this information in a decisive manner. Accordingly, we conclude that Petitioner's claim that the trial court erred in denying his motion to dismiss is without merit.
 
 III.
 
 28
 Prior to trial, Petitioner moved to suppress one of the convictions that was used to enhance his sentence. That conviction, a 1982 conviction for first degree burglary, was obtained as a result of a guilty plea. The trial court denied Petitioner's motion to suppress this conviction. Petitioner claims that in doing so, the trial court violated his rights under the Due Process Clause of the Fourteenth Amendment, as the guilty plea was not entered freely and voluntarily. We disagree.
 
 
 29
 A guilty plea may be involuntary in the constitutional sense for one of two reasons. First, a plea may be involuntary because the defendant does not understand the nature of the constitutional protections he is waiving. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). Alternatively, a plea may be involuntary because the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id.
 
 
 30
 At the pre-trial hearing to suppress the conviction, Petitioner claimed that had he understood the nature of the charge, he would not have pleaded guilty. However, the four-page, sixteen-count information describes in detail the circumstances and elements of each of the sixteen felonies charged against Petitioner.
 
 
 31
 In addition, where a petitioner has been represented by counsel at a providency hearing, as Petitioner was here, his plea is not subject to collateral attack absent a showing that the advice he received was not within "the range of competence demanded of attorneys in criminal cases." See Tollett v. Henderson, 411 U.S. 258, 268 (1973).
 
 
 32
 As the Colorado Court of Appeals stated in upholding the guilty plea, "when a defendant is represented by counsel, it is appropriate to assume in most cases that defense counsel routinely explains the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Colorado v. Almeyda, No. 88CA0324, slip op. at 5 (Colo.App. Dec. 20, 1990). After a careful review of the record, we find that the instant case is the kind of case where such an assumption is justified. We conclude that, based upon the totality of the circumstances, Petitioner's plea was made knowingly and voluntarily.
 
 IV.
 
 33
 ACCORDINGLY, it is ordered that Petitioner Edwin Almeyda's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is DENIED.
 
 
 34
 Dated this 27th day of April, 1992, at Denver, Colorado.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3